J. C. WOMACK, Appellant,

v.

UNITED STATES, Appellee.

No. 7918.

District of Columbia Court of Appeals.

Argued Oct. 15, 1974.

Decided June 10, 1975.

Walter J. Smith, Jr., Washington, D. C., appointed by the court, for appellant.

James N. Owens, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, John T. Kotelly and James F. McMullin, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was found guilty after trial by jury of murder while perpetrating robbery.[1] He challenges his felony-murder conviction on two grounds: the evidence was insufficient to sustain it, and the trial court abused its discretion in allowing into evidence a photograph of the deceased. We affirm the judgment of conviction.

Appellant claims that the only evidence which connects him to the murder of one Cheatham is his possession of goods which the jury could conclude belonged to the decedent, and argues that the evidence is equally consistent with lawful possession of those objects or with larceny *after* the homicide.

We note that the trial court instructed the jury that it must acquit the defendant of felony-murder if it found that the larceny was an afterthought of, or unrelated to, the murder. *See* United States v. Mack, 151 U.S.App.D.C. 162, 466 F.2d 333, cert. denied, 409 U.S. 952, 93 S. Ct. 297, 34 L.Ed.2d 223 (1972). The question before us, then, is whether there was sufficient evidence to support what we must take to be a finding by the jury that the murder did take place in the course of the robbery.

1. D.C.Code 1973, § 22-2401.

The evidence was sufficient to establish that appellant committed both theft and murder. When the decedent was found, his apartment had been ransacked. Shortly thereafter appellant was arrested, and police found in his possession a watch, ring and collection of coins identified by several witnesses as "looking like" those of the decedent. Also found in appellant's apartment was a gun which it was stipulated belonged to the decedent. In addition, at the time of his arrest appellant had numerous scratches on his neck and a cut lip. There was blood on his overcoat, jacket and trousers, blood which was identified as type AB,[2] that of the decedent. Appellant's blood type is O. These facts are sufficient to sustain the inference that appellant killed the decedent during a robbery, or for the purpose of robbing him. Bowles v. United States, 142 U.S.App.D.C. 26, 439 F.2d 536 (1970) (en banc), cert. denied, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971). In this case, moreover, the evidence showed a motive for robbery, and no other motive for murder.[3]

■ Nor was it error for the trial court to admit into evidence a color photograph of decedent's body.[4] Appellant contends that the photograph was both inflammatory and unnecessary, since appellant did not contest the manner of decedent's death, and was willing to stipulate to the extent of his injuries. Appellant concedes, however, that as a general rule pictures of the decedent in a murder case are admissible, in the discretion of the trial court, so long as they have some probative value and are not intended solely to inflame the jury. Harried v. United States, 128 U.S.App.D.C. 330, 389 F.2d 281 (1967). We have considered the picture in the instant case and do not find it so gruesome as to create a risk of inflaming the jury. Moreover, the photograph possessed sufficient probative value to justify its admission. We agree with the government that it was relevant to the manner in which the murder occurred, and therefore to the issue of premeditation and deliberation.[5] See Rivers v. United States, 270 F.2d 435 (9th Cir. 1959), cert. denied, 362 U.S. 920, 80 S.Ct. 674, 4 L.Ed.2d 740 (1960). The photograph was also useful to show the nature of the injuries suffered by the decedent, linking the blood found on appellant's clothing to the crime. United States v. Hurt, 155 U.S.App.D.C. 217, 476 F.2d 1164 (1973).

Accordingly, the judgment is affirmed.

So ordered.

---

2. The government's expert witness testified that only 5% of the population has type AB blood.

3. Appellant's mother testified that appellant was unemployed, and a few days before the murder had asked her for money, a request which she refused. On the other hand, the decedent was known to appellant, as he was a friend of appellant's mother. No evidence was introduced which would tend to show animosity on the part of appellant toward the decedent, or any other motive for murder.

4. The original photograph was not preserved and is not a part of the record in this court.

The government has submitted to us another photograph of the decedent, which both parties agree is similar to the one admitted at trial.

The picture shows the head and torso of the decedent, and the injuries sustained by him. Blood was cleaned from the body before the picture was taken.

5. Appellant was also charged with first degree murder (premeditation and deliberation), D.C.Code 1973, § 22-2401, but the jury acquitted him of this charge.