Michael H. ROLDAN, Appellant,

v.

UNITED STATES, Appellee.

No. 8746.

District of Columbia Court of Appeals.

Submitted Feb. 4, 1976.

Decided March 9, 1976.

7. In this instance, D.C.Code 1973, §§ 45–820, –904.

Frederick J. Sullivan, Washington, D. C., appointed by the court, for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Peter A. Chapin and Mark H. Tuohey, III, Asst. U. S. Attys., Washington, D.C., for appellee.

Before KELLY, FICKLING and HARRIS, Associate judges.

KELLY, Associate Judge:

Based on two incidents of theft which occurred one week apart, appellant was charged with and convicted of two counts of second degree burglary and two counts of grand larceny.[1] His motions for severance of counts and to suppress identification testimony had been denied before the trial and those rulings are challenged on appeal. Other claims of error are the admission at trial of allegedly objectionable testimony which the prosecutor used in closing argument to appellant's prejudice and the failure of the trial judge to instruct the jury properly on the issue of value or to include in his charge an instruction on petit larceny. We affirm.

I

On September 14, 1973, shortly after midnight, Mrs. Jeannette Remole and her family returned to their rooms (a penthouse) at the Georgetown Dutch Inn. After they entered, by unlocking the door with a key, they found the rooms in disarray. Missing were a Leica camera, a Polaroid camera and case, a pair of field glasses, approximately $300 in traveler's checks and $55 in cash. Several days later the cameras and the field glasses were recovered from a pawn shop by the police. An employee of the shop testified that the items were pawned on September 17 by the appellant whom he knew from previous transactions. He estimated their fair market value to be in excess of $200. Mrs. Remole valued the stolen items at approximately $600.

On September 22, 1973, about 8:00 p.m., Mr. John Lintjer returned to his room at the Georgetown Dutch Inn. Before he could get out his key, someone opened the door from the inside and ran out, saying as he passed: "I'm sorry, Mister, but I have the wrong room but I have the keys." Lintjer gave chase but lost the man when he ran down a stairway. Missing from the room were $873 in traveler's checks and cash, and a camera. Found were a camera which did not belong to Lintjer and three keys, one to his room and two to other hotel rooms.

On September 25, 1973, appellant was seen emerging from the office of the manager of the Georgetown Dutch Inn, adjacent to which was a room in which spare keys to the hotel rooms were kept. Appellant was apprehended, and was asked for his identification by a police officer who happened to be in the building. He produced his social security card. In the meantime, Lintjer was called to the lobby. He at once identified appellant as the man

1. D.C.Code 1973, §§ 22–1801(b), 22–2201. Two counts of receiving stolen property were dismissed by the government at the conclusion of the testimony. Appellant's sentences for grand larceny were concurrent to those for burglary. The burglary sentences were consecutive.

who ran from his room on September 22, whereupon appellant bolted from the hotel and escaped. The next day Lintjer selected appellant's picture from a photographic array shown to him by the police.

## II

Super.Ct.Cr.R. 8(a) provides for joinder of offenses.[2] At the hearing on appellant's pretrial motion to sever, and subsequently at trial, appellant protested the joinder of the two separate and distinct incidents, arguing that unless a severance were granted the jury would, and did, cumulate the evidence concerning the two crimes to infer a criminal disposition and guilt, and that appellant would be, and was, confounded in his defense to the individual charges. Counsel informed the court at trial, without a specific proffer, that but for the joinder appellant would perhaps take the stand and testify as to how he had come by the Remole property. The trial judge denied the motion to sever, relying for authority on *Coleman v. United States,* D.C.App., 298 A.2d 40 (1972).

 It is unquestioned that by statute and by rule offenses may be joined in a single indictment if they are similar in character or constitute part of a common scheme or plan, but that if and when such joinder is shown to be prejudicial the court may, by way of relief, order that separate trials be had.[3] *Coleman v. United States,*

*supra* at 42. The decision to either grant or deny such relief, as the *Coleman* opinion observes, is within the sound discretion of the trial court and is not subject to reversal absent manifest abuse of that discretion.

 That the offenses joined in appellant's indictment are similar in character is evident; thus the joinder under Rule 8(a) was proper. *Hill v. United States,* 135 U.S.App.D.C. 233, 418 F.2d 449 (1968); *Drew v. United States,* 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). The denial of severance was also a sound exercise of discretion inasmuch as evidence of the two crimes was simple and distinct and the jury was clearly instructed as to each. *Bell v. United States,* D.C.App., 332 A.2d 351 (1975).[4] The circumstances of this case are analogous to those in *Coleman v. United States, supra,* and we conclude that the joinder of offenses here was not so prejudicial to appellant as to require a separate trial of each offense.

## III

 With reference to appellant's motion to suppress the identification testimony, the argument is that where from the circumstances of a given case suggestivity appears "plausible", the government must establish by clear and convincing evidence that the questioned identification was not

2. The rule embodies the language of D.C.Code 1973, § 23–311, and reads:

*Joinder of offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

3. Super.Ct.Cr.R. 14, which provides in pertinent part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment

or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the prosecutor to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

4. D.C.Code 1973, § 23–313. Evidence of the second burglary was also admissible on the issue of identity of the perpetrator of the first burglary. *See Drew v. United States, supra.*

impermissibly suggestive.[5] At the hearing on the motion counsel was unable to articulate any facts to support the bald assertion of impermissible suggestivity in the photographic identification allegedly because the government witnesses would not speak with him. He thus professed an inability to go forward on the motion.[6] The court denied the motion without prejudice to the right to raise the issue again at trial.

The identification testimony at trial was that Lintjer was called to the lobby on September 25 and identified appellant as the man who ran from his room on September 22, and that, without any direction by the police, he picked out appellant's picture from a photographic array the following day. Therefore, whatever the complaint about the procedure followed at the pretrial suppression motion, it is readily apparent from the record that nothing in the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). Thus the admission of the identification testimony was not error.

### IV

■ Appellant argues that the prosecutor's comments in closing which were based upon the sequence of events which occurred on September 25 and the reasonable inferences to be drawn therefrom were prejudicial in that they imputed to him the theft of keys and the commission of a series of other burglaries in the hotel, offenses for which he was not on trial.

He argues that it would be pure speculation to conclude that he stole any hotel keys because he was seen coming from the manager's office, or to infer that he entered the Remole and Lintjer hotel rooms by use of a key, and had burglarized other rooms, because Lintjer discovered property in his room which did not belong to him. This evidence was clearly relevant to the government's case, however, and upon its admission could be the subject of fair comment by the prosecutor in summation. We have reviewed the closing arguments to the jury and do not see that the prosecutor overstepped the bounds of permissible argument. Certainly, we cannot conclude that anything said in summation denied appellant a fair trial.

### V

■ Appellant's challenge to the proof of value, which relates only to the charge of grand larceny of the Remole property, is baseless. Mrs. Remole testified that in her opinion the property was presently worth at least $600. The pawn shop employee, qualified as an expert, testified that while he paid only $35 for the cameras and binoculars, the Leica camera had a retail value of $200 to $300 and the Polaroid a value of $30. Also taken from the Remole hotel rooms were $300 in traveler's checks and $55 in cash. Unlike the evidence in *Boone v. United States,* D.C.App., 296 A. 2d 449 (1972), relied on by appellant, this testimony sufficed to support a conviction of grand larceny and did not warrant an instruction on petit larceny.

Since we find no error requiring reversal, the convictions appealed from are

*Affirmed.*

---

5. Appellant reasons that because Lintjer had little time to view the intruder and was unable to describe this individual in any detail, the photographic identification of appellant must have been aided by some factor of impermissible suggestivity.

6. There was no attempt at pretrial discovery and it does not appear that any witnesses were present under subpoena.