Oliver T. GOINS, Appellant,

v.

UNITED STATES, Appellee.

No. 8837.

District of Columbia Court of Appeals.

Submitted Dec. 17, 1975.

Decided March 12, 1976.

---

8. 18 U.S.C. § 3501(a).

Matthew W. Black, Jr., Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, Peter A. Chapin and John L. Kern, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

YEAGLEY, Associate Judge:

Appellant was convicted by a jury of two counts of armed robbery (violations of D.C.Code 1973, §§ 22–2901, –3202) and one count of carrying a dangerous weapon (a violation of D.C.Code 1973, § 22–502). He was sentenced "twenty years to life under the provisions of the Federal Youth Corrections Act—section 5010–C" on each of the armed robbery convictions and five years under the same section for possessing a dangerous weapon, all sentences to run concurrently. This appeal followed. We affirm, but remand for resentencing on the armed robbery convictions.

The sole question on this appeal involves the propriety of the trial court's granting the government's motion for joinder of the three offenses with which appellant was charged. The first robbery took place on December 28, 1973, when a delivery truck driver was making a delivery at a private home near Second and P Streets, N.W. As the driver returned to his truck, he was approached by two men. One of the men, later identified as appellant, carried a sawed-off rifle, announced a "stick up", and ordered the driver into the back of the truck. They drove off and stopped in a vacant lot where the lock on a depository safe that was kept in front of the truck was blown off by several shots and the day's receipts taken. They also robbed the driver of between $30 and $40 and then fled.

The second robbery occurred five days after the first on January 2, 1974, when another delivery truck was making a delivery in the 1700 block of Columbia Road, N.W. The driver delivered two packages and collected over $672. As he got into his truck, the other door opened and a man, again identified as appellant, entered with a sawed-off rifle. He ordered the driver to get in and drive and, as the truck was moving, took the money which the driver had just collected plus about $60 more from his wallet. The robber jumped out of the truck, telling the driver to "keep on driving". Within a few minutes, the driver was able to flag down a police patrol car to report the robbery. He described the robber to the officer and told him that he had last seen him heading toward a poolhall.

Another officer, hearing a radio run on the robbery immediately after it occurred, pulled in front of a poolhall near where

the robber had jumped out of the truck. He noticed appellant, who matched the broadcast description, flashing a large roll of money. The officer identified himself to appellant whereupon appellant threw the money in the air and reached into his waistband. The two struggled and appellant was eventually subdued. A sawed-off rifle was seized from his waistband. The truck driver was brought to the scene and identified the suspect as the man who had committed the robbery. Appellant was thereupon arrested.

Following the arrest, appellant was released on bond. However, as a result of that arrest, his picture was included in the photographic array shown to the driver of the December 28 robbery. When that driver identified appellant, an arrest warrant was issued and he was rearrested. At that time he was placed in the rear seat of a police car and taken to headquarters. When appellant was removed from the car, a .32 caliber revolver was found behind the seat on the side where he had been sitting. Appellant was charged with carrying a dangerous weapon.

Appellant asserts that the joinder of the three offenses, the two separate armed robbery charges and the carrying of a dangerous weapon charge, was improper. We do not agree. The decision to join the three offenses was within the sound discretion of the trial court and is clearly within the scope of Super.Ct.Cr.R. 8(a). That rule provides that:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In the instant case the two robberies were proximate in time and involved enough similarities to support their being joined. *See Roldan v. United States,* D.C. App., 353 A.2d 292 (1976) ; *Hill v. United States,* 135 U.S.App.D.C. 233, 418 F.2d 449 (1968) ; *Drew v. United States,* 118 U.S. App.D.C. 11, 331 F.2d 85 (1964). The dangerous weapon charge resulted from the facts in the second robbery.

■ Where there is joinder of separate offenses the court must weigh the possible prejudice to the defendant against considerations of economy and expedition of judicial administration. However, inasmuch as the proof of each crime here should have been relevant in a separate trial of the other, insofar as they involved a common scheme or plan, joinder was permissible. *Coleman v. United States,* D.C.App., 298 A.2d 40, 42 (1972), *cert. denied,* 413 U.S. 921, 93 S.Ct. 3070, 37 L.Ed.2d 1043 (1973) ; *Drew v. United States, supra* at 14, 331 F.2d at 88.

■ The similarities between the two robberies are manifest: in each there was an armed robbery committed with a sawed-off rifle, an uncommon weapon; each involved as a victim a delivery truck driver who collected money after each delivery; the driver after being approached was forced into the truck and driven or made to drive to another location while the money was taken from him; and the two offenses occurred within five days of each other. Thus, the record reflects good reason for joining the three charges and no substantial prejudice has been demonstrated by appellant. We find that the trial court's decision to join the offenses was proper.

■■ We note that the trial court on May 1, 1975, attempted to correct one of the sentences it had imposed on appellant on September 5, 1974, by changing it from 20 years to life to 15 years to life to conform to the statute which provides when there is a life sentence the minimum may not exceed 15 years. D.C.Code 1973, § 22–3202(b). Since the appeal which had

been filed on September 6, 1974, was still pending the trial court was without jurisdiction of the case and could not amend the sentence at that time. Consequently the original sentence still stands. *Franklin v. United States,* D.C.App., 293 A.2d 278, 279 (1972); *King v. United States,* D.C. App., 271 A.2d 556, 559 (1971). *See also United States v. Mack,* 151 U.S.App.D.C. 162, 169, 466 F.2d 333, 340, *cert. denied,* 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972).

Accordingly, the judgments of September 5, 1974, are affirmed, but in view of the provisions of D.C.Code 1973, § 22–3202(b) both armed robbery sentences are vacated and the cases remanded for resentencing on those two convictions.

*Remanded for proceedings not inconsistent with this opinion.*