John C. CALHOUN, a/k/a J. C. Calhoun,
Appellant,

v.

UNITED STATES, Appellee.

Herbert ALBANY, a/k/a Herbie
Hancock, Appellant,

v.

UNITED STATES, Appellee.

Nos. 10102 and 10105.

District of Columbia Court of Appeals.

Argued Nov. 16, 1976.

Decided Feb. 10, 1977.

Marsha E. Swiss, Washington, D. C., appointed by the court, for appellant in No. 10102.

Jerome H. Berman, appointed by the court, for appellant in No. 10105.

Alexia Morrison, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and Lawrence H. Wechsler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before FICKLING and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

Appellants, having been charged in separate counts of an indictment with various criminal offenses, were, after a jury trial, found guilty of felony murder[1] and robbery.[2] Appellant Albany was found guilty also of carrying a pistol without a license.[3] Each appellant was sentenced to imprisonment for a term of 20 years to life for the felony murder and two to six years for robbery. Albany was sentenced to an additional term of one year for carrying a pistol without a license. The sentences were made to run concurrently.

On these consolidated appeals the claims of error are that (1) the evidence was insufficient for jury consideration of the issue of appellants' guilt of felony murder, and (2) that the appellants were prejudiced by the refusal to sever the felony murder and robbery counts. We conclude from our review of the record that the evidence was sufficient to permit jury consideration and that it supports the convictions. We

1. D.C.Code 1973, § 22–2401.

2. D.C.Code 1973, § 22–2901.

3. D.C.Code 1973, § 22–3204.

conclude also that there was no prejudicial joinder.

▆ At the trial, there was testimony in support of the government's case from which the jury could have found the following as established fact. Sometime prior to 9:00 p. m. on December 26, 1974, appellants and one Willie, a juvenile, were together in an apartment at 3220 Mt. Pleasant Street, N.W. Albany asked Calhoun and Willie "did we know where we can make any money at?" Calhoun replied "yes, but we need a pistol."

Appellants, accompanied by Willie, approached the building's resident manager who, at Albany's request, furnished a pistol, which Albany placed in a paper bag and put in his back pocket. The three men then proceeded to a tavern at 17th and Mt. Pleasant Streets, N.W., where, as they drank beer, they observed a man, later identified as Russell Sutherland, tender a twenty dollar bill in payment for a drink. Observing also that the man was apparently intoxicated, they decided to rob him. Around 9:00 p. m., when the man staggered from the tavern, they followed and when he finally fell, Albany and Calhoun grabbed him, dragged him into an alley, and took his money and keys. Albany then slugged the man in the face, knocking him "back down." After the robbery of Sutherland, appellants and Willie returned to Albany's apartment where they divided the proceeds of the robbery ($48.00) among themselves.

Shortly thereafter, the appellants and Willie went to another tavern at Mt. Pleasant and Irving Streets, N.W. Willie, observing his two sisters outside the tavern, paused to talk to them. Appellants told Willie that "they were going to go check out the chop suey place." Willie declined to accompany them. Instead, he crossed the street and, with his two sisters, watched appellants enter the "Chopstick", a

nearby Chinese restaurant. About a minute later, they heard a shot and, immediately thereafter, saw appellants run from the "Chopstick." Albany was in front, holding a pistol, and Calhoun followed, holding a brown paper bag under his arm.

About 9:50 that night, Chow Chum Sing, the proprietor of the "Chopstick", was found on the kitchen floor in critical condition from a gunshot wound in the head. Sing died shortly thereafter. Blood was observed on the kitchen floor near an open cash register. There were coins in all five coin compartments of the open cash register but no bills. Later, approximately $300 in bills was found secreted in the kitchen area near the cash register. The following day Willie reported to the police the participation of appellants in the robbery of Sutherland and in the incident at the Chopstick Restaurant. Willie was paid $60 for the information. Russell Sutherland identified Albany as one of the men who assaulted and robbed him as he left the tavern but he was unable to identify Calhoun. Neither the pistol nor any money identified as the property of Chow Chum Sing was ever recovered.

We address first the claims of error respecting the sufficiency of the evidence to support the conviction of felony murder. D.C.Code 1973, § 22–2401, provides in the part here pertinent:

> Whoever, being of sound memory and discretion . . . without purpose so to do kills another in perpetrating or in attempting to perpetrate any . . . robbery . . . is guilty of murder in the first degree.

The specific contentions are that no reasonable mind could have concluded from the government's proof that the death of Chow Chum Sing was caused during the commission or attempted commission of a robbery at the Chopstick Restaurant.[4]

---

4. Appellant Calhoun, who, with appellant Albany, interposed alibi defenses, says now that "although the evidence clearly supports a finding that [he] participated in the shoot-

ing of Chow Chum Sing, it does not support the finding of robbery or attempted robbery necessary to justify a conviction of felony murder."

In assessing the sufficiency of the evidence after jury verdicts of guilty, we are required to give the government the benefit of all reasonable inferences. *Richardson v. United States*, D.C.App., 366 A.2d 433 (1976); *Arnold v. United States*, D.C. App., 358 A.2d 335, 341 (1976); *Williams v. United States*, D.C.App., 357 A.2d 865 (1976); *United States v. Bolden*, 169 U.S. App.D.C. 60, 64–65, 514 F.2d 1301, 1305–06 (1975); *Curley v. United States*, 81 U.S. App.D.C. 389, 160 F.2d 229 (1947).

In this connection, it is settled law that convictions by a jury may be overturned for lack of sufficient evidence only when the reviewing court is satisfied that "on the basis of the evidence no reasonable mind could fairly have found the defendants guilty without a reasonable doubt . . . ." *United States v. Bolden, supra,* 169 U.S.App.D.C. at 64–55, 514 F.2d at 1305–06. In applying this standard, as we do in the cases at bar, no legal distinction is made between direct and circumstantial evidence. *United States v. Mackin*, 163 U.S.App.D.C. 427, 439, 502 F.2d 429, 441 (1974).

The substance of the government's evidence was that appellants obtained a gun for the declared purpose of getting money; participated in the robbery of Russell Sutherland; and announced shortly thereafter that they were "going to check out the chop suey place." There was also evidence that appellants entered the Chopstick Restaurant; that a gunshot was then heard; and that immediately thereafter, appellants ran from the restaurant. Albany was holding a gun and Calhoun was carrying a paper bag under his arm. Observed upon investigation at the restaurant was an open cash register, containing only coins. Chow Chum Sing, the proprietor of the restaurant, was found on the kitchen floor in critical condition from a gunshot wound.

We hold that reasonable minds could have concluded from this evidence, though it was largely circumstantial, that appellants entered the Chopstick Restaurant with the intention to rob, and that the death of Chow Chum Sing resulted during the perpetration or attempted perpetration of a robbery.[5]

■ The final claim of error, advanced by appellant Albany, is that the trial court abused its discretion by denying the motion to sever, for purposes of the trial, the count charging the robbery of Russell Sutherland from the count charging the felony murder of Chow Chum Sing. Super.Ct.Cr.R. 14 provides that if a defendant

> is prejudiced by a joinder of offenses . . . in an indictment . . . or by such joinder for trial . . . the court may order an election or separate trial of counts . . . .

In *Arnold v. United States, supra* at 338, we pointed out that "[w]henever . . . unrelated offenses are charged in an indictment to a single defendant, there is a possibility of some prejudice but, without more, such a joinder is permitted." (Citations omitted.)

Thus, in *Drew v. United States*, 118 U.S.App.D.C. 11, 17, 331 F.2d 85, 91 (1964), it was said:

> [C]ourts, including our own, have . . . found no prejudicial effect from joinder when the evidence of each crime is simple and distinct . . . .

So it is in the cases at bar. The two offenses, although unrelated as to place, were so closely related in time as to almost constitute a continuing transaction. However, since the evidence of each crime was simple and distinct, there was no prejudice from the joinder. *Drew v. United States, supra.* Moreover, in our view, evidence of

---

5. *See Womack v. United States*, D.C.App., 339 A.2d 67 (1975); *United States v. Mackin, supra*; *United States v. Mack*, 151 U.S.App.D.C. 162, 466 F.2d 333 (1972); *Bowles v. United States*, 142 U.S.App.D.C. 26, 439 F.2d 536 (1970); *Harrison v. United States*, 128 U.S.App.D.C. 245, 387 F.2d 203 (1967), *rev'd on other grounds*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *Medley v. United States*, 81 U.S.App.D.C. 85, 155 F.2d 857 (1946).

the robbery of Sutherland would have been admissible in a separate trial for the felony murder to show motive, intent, the absence of accident, and a common scheme or plan to rob.[6] Thus, we cannot say that the trial court abused its discretion in denying severance. *Coleman v. United States,* D.C. App., 298 A.2d 40, 42 (1972); *Williams v. United States,* D.C.App., 263 A.2d 659, 662 (1970).

Accordingly, the convictions are *Affirmed.*

6. *Drew v. United States, supra; Goins v. United States,* D.C.App., 353 A.2d 298 (1976); *Roldan v. United States,* D.C.App., 353 A.2d 292 (1976); *Bell v. United States,* D.C.App., 332 A.2d 351 (1975); *Hurt v. United States,* D.C.App., 314 A.2d 489 (1974); *Coleman v. United States,* D.C. App., 298 A.2d 40 (1972); *Williams v. United States,* D.C.App., 263 A.2d 659 (1970).