**Robert J. LOPEZ, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10515.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1977.

Decided May 10, 1977.

Michael B. McGovern, Washington, D.C., appointed by the court, for appellant. J. Hampton Baumgartner, Jr., Washington, D.C., also appointed by the court, was on the brief, for appellant.

Lillian A. McEwen, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease and Bette E. Uhrmacher, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

KELLY, Associate Judge:

The issue on this appeal from convictions of assault with a dangerous weapon and

possession of a prohibited weapon[1] is whether the trial court abused its discretion by failing to hold a competency hearing pursuant to D.C.Code 1973, § 24–301(a)[2], where the accused strenuously objected to such hearing, all the psychiatric reports held appellant competent to stand trial and defense counsel alone thought a hearing was required.

The undisputed facts are that on December 9, 1974, appellant, who had been drinking heavily, began banging and kicking on the office door of Mr. Edward Guinan, whom appellant had known for over two years. The two men had argued earlier in the day; and when Guinan came to the door, appellant slashed him on the neck and arm with a knife. Appellant did not remember the details of the assault.

Before trial, appellant was subjected to a series of status hearings. At the second such hearing appellant expressed extreme displeasure with the services of appointed counsel and the court granted his request for a new attorney. Appellant quickly became disenchanted with new counsel as well and requested that he be removed, that a new attorney be appointed, or that appellant be allowed to represent himself at trial. These requests were denied; but in view of appellant's belligerent attitude the court, over appellant's vigorous objection, committed him to St. Elizabeths Hospital for a competency examination.

The subsequent report from St. Elizabeths was that appellant was competent to stand trial. It said that appellant was a habitual excessive drinker, but that his drinking had caused no organic brain damage. Based on this report as well as three letters from a forensic psychiatrist which also found appellant competent to stand trial, the trial judge issued an order in which he in turn found appellant competent to stand trial.

Despite this unanimity of opinion, counsel again moved for a competency hearing pursuant to D.C.Code 1973, § 24–301(a). The trial judge denied the motion, saying to appellant: "I am satisfied myself at this point that you understand what your circumstances are."[3] During the hearing on the motion, appellant vociferously expressed his displeasure with counsel and explained his refusal to "play crazy" and his desire to represent himself at trial.

---

1. D.C.Code 1973, §§ 22–502, –3214(b), respectively.

2. D.C.Code 1973, § 24–301(a), reads as follows:
   If it appears to a court having jurisdiction of—
   (1) a person arrested or indicted for, or charged by information with, an offense, or
   (2) a child subject to a transfer motion in the Family Division of the Superior Court of the District of Columbia pursuant to section 16–2307,
   that, from the court's own observations or from prima facie evidence submitted to it and prior to the imposition of sentence, the expiration of any period of probation, or the hearing on the transfer motion, as the case may be, such person or child (hereafter in this subsection and subsection (b) referred to as the "accused") is of unsound mind or is mentally incompetent so as to be unable to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for examination and observation and for care and treatment if such is necessary by the psychiatric staff of said hospital. If, after such examination and observation, the superintendent of the hospital, in the case of a mental hospital, or the chief psychiatrist of the District of Columbia General Hospital, in the case of the District of Columbia General Hospital, shall report that in his opinion the accused is of unsound mind or mentally incompetent, such report shall be sufficient to authorize the court to commit by order the accused to a hospital for the mentally ill unless the accused or the Government objects, in which event, the court, after hearing without a jury, shall make a judicial determination of the competency of the accused to stand trial or to participate in transfer proceedings. If the court shall find the accused to be then of unsound mind or mentally incompetent to stand trial or to participate in transfer proceedings, the court shall order the accused confined to a hospital for the mentally ill.

3. Tr. at 92.

The trial judge explained to appellant at length and with great patience that he would be foolish to refuse the aid of counsel and that appointed counsel was very able, but appellant was adamant. After another unsuccessful attempt at dissuasion on the first day of trial, the court allowed appellant to proceed pro se. Appellant proceeded only long enough to ask the first government witness three questions before he decided to allow appointed counsel to represent him for the remainder of the trial. Appellant was eventually found guilty by a jury on two counts of a six-count indictment.

■ The argument on appeal is that the trial judge should either have ruled appellant incompetent to stand trial on the basis of his obstreperous behavior in court or have held a competency hearing before sending the case to trial. While § 24–301(a) is silent as to whether there should be a competency hearing when the psychiatric report finds the accused competent to stand trial, case law on the subject has supplied the answer. When the psychiatric report finds the accused competent, but either the accused or the government objects to that report finding, the court must hold a competency hearing. *Green v. United States*, 128 U.S.App.D.C. 408, 389 F.2d 949 (1967); *Whalem v. United States*, 120 U.S.App.D.C. 331, 346 F.2d 812, *cert. denied*, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100, *rehearing denied*, 382 U.S. 912, 86 S.Ct. 245, 15 L.Ed.2d 164 (1965). Absent such objections, the trial judge is not bound by the competency report and may hold a hearing if he thinks it necessary. *Green v. United States, supra; Wider v. United States*, 121 U.S.App. D.C. 129, 348 F.2d 358 (1965); *Pouncey v. United States*, 121 U.S.App.D.C. 264, 349 F.2d 699 (1965); *Whalem v. United States, supra*. The court's decision is discretionary and our standard of review on appeal is whether the decision reveals an abuse of that discretion. *Whalem v. United States, supra*.

■ The test for competency, set out in *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), is:

whether he [the accused] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as a factual understanding of the proceedings against him.

In this case, although appellant was in most instances uncooperative and belligerent, he nevertheless was able to consult intelligently with his attorney and, other than a loss of memory, assist in his own defense. Appellant simply did not want to present an insanity defense. As one doctor at forensic psychiatry said, appellant had certain personality problems which made him antagonistic towards others, but these factors did not rise to the level of incompetence. It was clear that appellant not only understood the nature of the proceedings against him but also that he was thoroughly familiar with the workings of the criminal justice system. For instance, he was able to explain his bond status on a different charge to a confused court and counsel, realized that the assault charge carried a sentence of one to ten years and that he was subject to life imprisonment if he refused the government's offer of a plea and went to trial. Appellant knew he was eligible for a time cut, and was familiar with such things as third party custody, halfway houses, parole procedures, and eligibility for rehabilitation programs at Lorton. At one point appellant conceded that he had been pleased with his attorney on a previous case, indicating that he was not antagonistic towards the entire bar. Furthermore, in the present trial appellant realized that he was incapable of representing himself effectively and allowed appointed counsel to take over.

The trial judge engaged in several long, detailed conversations with appellant before he determined that appellant was competent to stand trial. This determination was based on an extensive observation of appellant and consideration of psychiatric

reports. The decision has adequate support in the record[4] and is

*Affirmed.*

---

4. Appellant cites no authority for the proposition that the trial judge should have ruled appellant incompetent despite the reports from St. Elizabeths Hospital *without* a hearing. However, as we believe the record adequately supports the trial judge's ruling of competence, we need not discuss this issue.