Arthur W. CLYBURN, Jr., a/k/a Arthur W. Clyburn, Appellant,

v.

UNITED STATES, Appellee.

No. 9808.

District of Columbia Court of Appeals.

Argued Nov. 9, 1977.

Decided Dec. 28, 1977.

David J. Ontell, Washington, D.C., appointed by this court, for appellant.

Steven D. Gordon, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty. and John A. Terry, Asst. U. S. Atty., Washington, D.C., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge.

This appeal from a jury conviction on charges of rape, first-degree burglary, and robbery,[1] presents for resolution appellant's contention that the trial court violated his due process rights by not raising, sua sponte, the issue of his insanity and his competence to stand trial. Appellant asks that we reverse and remand for a new trial with instructions that the trial court conduct an inquiry into his sanity and competence.

The facts adduced below are not in dispute. On the afternoon of September 2, 1974, appellant came to the home of the victim in Northeast Washington and asked if he could speak to an acquaintance who rented a room there. The acquaintance was not in, and in the course of conversa-

---

1. On July 9, 1975, appellant was sentenced to concurrent terms of imprisonment of 7 to 21 years for rape and 5 to 15 years for burglary and robbery. He received also a consecutive 2 to 6 year term as a repeat offender, the execution of which was suspended.

tion appellant inquired whether he could rent a room in the house. As appellant was leaving, the doorbell rang. The new visitor was Antonio Williams,[2] a friend of appellant's whom the latter introduced to the victim. Following further conversation concerning the possibility of renting a room, the men left.

Sometime after midnight, in the early hours of September 3, the victim was awakened by the persistent ringing of her doorbell, and through a window observed appellant and Williams, who insisted that they wanted to leave a deposit for a room. The victim admitted the men into her home. Williams excused himself to use the bathroom, and appellant soon began tugging on her pajamas. She protested that she did not like "people pulling on me, and I don't rob the cradle." Appellant responded, "I'm not a child, I'm 28 years old, I'm a grown man." Appellant grabbed her arm and announced, "I don't have to ask for what I want, I'll take it." Appellant and Williams, who had returned from the bathroom, each raped her as the other man held her down. After beating her, they bound and gagged her and ransacked the house of articles which were subsequently recovered in appellant's room, and which, in conjunction with other evidence presented at trial, refuted appellant's defense of alibi.

Neither appellant nor his attorney raised any question of competence or sanity at trial. On appeal, through new counsel, appellant lists the following circumstances as having given rise to the trial court's obligation to raise, sua sponte, the question of his mental condition: (1) the brutal nature of the crime; (2) statements made by appellant during the rape;[3] (3) the fact that appellant lived near the victim, which, he asserts, illustrated his desire to be caught; (4) the fact that appellant (a) lived with his wife for only three months following their marriage, (b) did not get along with his sister, and (c) had trouble penetrating the victim, a woman of mature years, all of which, appellant asserts, indicated his difficulty in establishing normal relationships with women; (5) the fact that appellant did not take his meals with his family, but instead ate alone in his room; (6) information in the presentence report that appellant had suffered a gunshot wound to the head in 1971 and, as a result, has since suffered from epilepsy and has required medication.

■ Examination of these circumstances in light of the governing legal standards compels the conclusion that this appeal is patently without merit. Appellant's conviction is necessarily affirmed.[4]

### A. Competence

■ The test for determining competence to stand trial is whether a defendant has sufficient present ability to rationally consult with his attorney and to factually understand the nature of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ Our review in this area, even in cases in which a defendant has moved for and been denied commitment for a determi-

---

2. Codefendant Antonio Williams was charged in an identical indictment and convicted on all three counts on May 21, 1976. This conviction was affirmed by this court in a Memorandum Opinion and Judgment dated September 27, 1977.

3. The complainant testified:

> He kept trying and I was pleading to him. I said, you're hurting me, please stop and he said I don't believe she's a woman, anyway, and he called me all kinds of dirty names I can't repeat. He said she's not a woman anyway, so then [Williams] said to him, well,

you hold her, I can get her. He said I never seen a woman I couldn't fuck.

4. We note the difficult task presented by an appeal of this nature, in which we must search for asserted manifestations of mental disorder in the cold of a trial transcript. Under such circumstances, it makes more sense to present such questions initially to the trial judge, who observed the proceedings firsthand and whose concomitant sua sponte obligation is alleged. We think, therefore, that where possible, the better road to review is by a motion for a new trial under Super.Ct.Cr.R. 33 or, as to competency, under D.C.Code 1973, § 23–110.

nation of competency,[5] is limited to an examination of whether the trial court abused its discretion, the exercise of which we will not lightly disturb. *Wesley v. United States*, D.C.App., 233 A.2d 514, 518 (1967); *United States v. Bradley*, 149 U.S.App.D.C. 405, 407–08, 463 F.2d 808, 810–11 (1972).

■ Where, as here, no motion for commitment is made, the trial court is nevertheless obligated to make or compel inquiry if it is in receipt of information which raises a bona fide doubt of defendant's competence. *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

■ The circumstances of the instant case could not reasonably give rise to such an obligation. Even assuming that the trial court was aware of the circumstances now delineated in appellant's brief, they do not inescapably call into question appellant's competence to stand trial, although they may profile a troubled man. The brutality of a crime does not, without more, reflect on its perpetrator's ability to assist counsel and to understand the nature of the proceedings against him. Appellant's manifest inability to relate properly to women, his reliance on medication, and his desire to eat alone add little support, if any, to appellant's position. This is so, particularly in light of counsel's failure to raise the issue at trial, and in light of the absence of erratic behavior by appellant during trial

which might have illustrated the point. This latter factor distinguishes this case from *Pate, supra*, in which the Court held that manifestations of incompetence during trial, specifically the repeated insistence of counsel that his client's present sanity was very much in issue, should have alerted the trial court to address the issue.

The instant case is distinguishable also from *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1974), in which the Court held that the trial court had failed to give proper weight to information coming to its attention during trial which suggested incompetence. There, after trial had commenced, the judge learned first that petitioner had attempted to choke his wife to death and subsequently that petitioner had shot himself. The trial court nevertheless had denied a mistrial.[6]

In the instant case, appellant asks us, in effect, to chastise the trial judge for not assuming the role of an armchair psychiatrist. This we will not do.

### B. *Sanity*

The duty of a trial court to raise, sua sponte, the question of a defendant's sanity under appropriate circumstances is spelled out in *Whalem v. United States*, 120 U.S. App.D.C. 331, 337–38, 346 F.2d 812, 818–19 (en banc), *cert. denied*, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100 (1965).[7]

---

5. D.C.Code 1973, § 24–301(a) provides in pertinent part:

 If it appears to a court having jurisdiction of . . . a person arrested or indicted for, or charged by information with, an offense . . . that, from the court's own observations or from prima facie evidence submitted to it and prior to the imposition of sentence . . . such person . . . is of unsound mind or is mentally incompetent so as to be unable to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for examination and observation.

6. Factors which the *Drope* Court considered relevant in determining whether inquiry into a defendant's competence was required included

evidence of a defendant's irrational behavior, demeanor at trial, and prior medical opinion probative of his competence. *Drope v. Missouri, supra*, 420 U.S. at 180, 95 S.Ct. 896. None of these factors were present in the instant case.

7. The government argues that *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), overrules that part of *Whalem* which requires the sua sponte raising of the insanity issue by the trial court. The government maintains that such a requirement is inconsistent with the constitutional right of an accused to control his own defense, recognized in *Faretta*, and that, therefore, a trial court may no longer raise the issue of insanity where a defendant fails to do so. Although our disposition of this case makes it unnecessary to reach this argument, we feel compelled to address it briefly.

As with competence, we limit our review of trial court decisions regarding a defendant's sanity to an examination of whether discretion was abused. *Hughes v. United States*, D.C.App., 308 A.2d 238, 242 (1973);[8] *Whalem, supra* at 338 n. 10, 346 F.2d at 819 n. 10. The reasoning under which we reject appellant's assertions with regard to competence are likewise fatal to him here.[9] Accordingly, the judgment of conviction is

*Affirmed.*

*Faretta* held that the Sixth Amendment guarantees an accused, under appropriate circumstances, the right to defend against criminal charges pro se. *Faretta* does not hold that a court must recognize an incompetent or insane defendant's right to represent himself. The right to conduct one's own defense would indeed be hollow under such circumstances. Moreover, the right to counsel and the defense of insanity rest on different considerations; the former affords protection against the sovereign, while the latter, if successful, removes culpability in the absence of the requisite mental state. We therefore reject the government's argument.

8. In *Hughes* we rejected appellant's contention that he was denied an opportunity to invoke at trial the defense of insanity:

> The short answer to this contention is that there is not a scintilla of evidence in the record that appellant sought to raise the defense of insanity either before trial or at any time prior to the return of the jury's verdict. All that appears in this regard are the unsubstantiated representations of appellant's counsel made during the post-trial proceedings and in his brief filed on appeal. [*Id.* at 240 (footnote omitted).]

9. Appellant contends also that the prosecution violated his due process rights by not compelling inquiry into his mental condition. Such an obligation is conferred by 18 U.S.C. § 4244 (1970), which, in pertinent part, states:

> Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending.

We find that the United States Attorney was without reasonable cause to believe that appellant was incompetent or insane.