Willis **BENNETT**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 12931.

District of Columbia Court of Appeals.

Submitted March 8, 1979.

Decided April 25, 1979.

E. William Tupling, Washington, D. C., appointed by the court, was on brief, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry and E. Anne McKinsey, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, KERN and MACK, Associate Judges.

KELLY, Associate Judge:

On the day first set for his trial on a six-count indictment, appellant was ordered to undergo a psychiatric examination to determine his competency to stand trial. It was determined thereafter that he was competent and, after a jury trial, he was convicted of first-degree burglary, D.C.Code 1973, § 22–1801(a), and robbery, D.C.Code 1973, § 22–2901.[1] On appeal, appellant argues that the trial court erred in declining, at the conclusion of his status hearing, to hold a hearing to determine his competency and in refusing to consider his request for a hearing on the original commitment order or, in the alternative, to order a supplementary sixty-day commitment for another competency examination. We affirm.

On June 23, 1977, appellant was committed to St. Elizabeths Hospital for a sixty-day competency examination. The resulting report, prepared by a staff psychologist of the hospital, found appellant competent to stand trial. A hearing on this evaluation was set for August 30, 1977. At that hearing, to facilitate a recently agreed upon plea bargain, defense counsel raised no objection to the competency report. In fact, he withdrew his request for a hearing on the psychologist's report[2] and entered a plea of guilty for his client. The trial court then found appellant competent in all respects and proceeded to inquire into the validity of the guilty plea.

After the prosecution's recital of the facts of the alleged crime, the court inquired of appellant whether the prosecutor's version was true. The appellant denied the allegations of fact presented by the prosecutor and instead offered an exculpatory account of the incident to which his codefendant agreed. As a result, the court refused to accept the guilty plea. Defense counsel then attempted to withdraw his consent to the waiver of a hearing on the competency determination, but the court would not permit this maneuver and the case was set down for trial.

Before trial, defense counsel again attempted to raise the incompetency issue by requesting an additional sixty-day commitment to St. Elizabeths Hospital or a hearing on the original competency determination. The prosecutor offered to summon the staff psychologist who prepared the original report, but the court elected to proceed with the trial since the hearing judge's ruling on appellant's competency had been made less than a month before trial.

At trial the government's evidence showed that appellant and another man accosted and robbed appellant's uncle and his common-law wife after forcibly gaining entry into his uncle's apartment. Appellant removed twenty dollars from his uncle's wallet, eighty-seven dollars from a can on the closet shelf, and a portable television set. The jury returned a guilty verdict on two counts of the six-count indictment and a mistrial was declared on the remaining counts.

 It is basic that due process requires that a defendant must be competent to stand trial; that is, he must be able to consult with his attorney, have the capacity

---

1. The judgment and commitment order erroneously stated that appellant was charged with second-degree rather than first-degree burglary. The government states that the trial court attempted to correct this error after the appeal was noted. If so, the court clearly lacked jurisdiction to correct the error at that time. *Goins v. United States*, D.C.App., 353 A.2d 298, 300–01 (1976). It may now do so.

2. D.C.Code 1973, § 24–301(b), notes that when a hospital certifies a defendant competent to stand trial,

such certification shall be sufficient to authorize the court to enter an order thereon adjudicating him to be competent to stand trial . . . unless the accused or the Government objects, in which event, the court, after hearing without a jury, shall make a judicial determination of the competency of the accused to stand trial. . . .

to understand the nature and object of the proceedings against him, and be able to assist in the preparation of his defense. *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). Also basic is that competency determinations are within the discretion of the trial judge and are entitled to great deference. *Clyburn v. United States*, D.C.App., 381 A.2d 260 (1977), *cert. denied*, 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978); *Whalen v. United States*, D.C.App., 379 A.2d 1152 (1977). A finding of competency will not be set aside upon review unless it is "clearly arbitrary or erroneous." *United States v. Caldwell*, 178 U.S.App.D.C. 20, 36, 543 F.2d 1333, 1349 (1974). If neither party objects, as is the case here, the court, without holding a hearing, may enter an order adjudicating the defendant to be competent based upon the certification of the examining psychiatrist. *Whalem v. United States*, 120 U.S. App.D.C. 331, 346 F.2d 812 (en banc), *cert. denied*, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100 (1965).

■ The trial court's finding on August 30, 1977, that appellant was competent to stand trial, was supported by the record. The hospital's report was unequivocal in its opinion that appellant was competent and not suffering from any mental disorder. At the status hearing, until the plea bargaining negotiations were aborted by appellant's exculpatory statement to the court, appellant's counsel adamantly agreed with the hospital's certification of competency. When counsel realized that the court was not going to accept appellant's guilty plea, he sought without success to retract his waiver of a competency hearing. We think the court's action in refusing to reopen the competency proceeding was fully justified, since appellant had waived his right to a hearing and the court had made an explicit finding of competency of record after appellant had engaged in responsible and meaningful discourse with the court.

■ Appellant also assigns as error the refusal of the trial court, twenty days after the status hearing, to hold a hearing on the original competency determination or to recommit him to St. Elizabeths Hospital for another sixty-day mental examination. We know, of course, that a court sua sponte or in response to prima facie evidence submitted to it at any time after proceedings have begun and before sentencing may order a criminal defendant committed to a mental hospital for a period of observation.[3] We also know that the matter of whether an accused should be examined or reexamined is within the sound discretion of the court, and that this court has recently refused to criticize a trial judge for not assuming the role of an armchair psychiatrist by raising sua sponte the issue of competency. *Clyburn v. United States, supra.* Here, of course, appellant's counsel requested another mental examination, but this request alone will not occasion a court inquiry. Prima facie evidence must be presented to show the need for such a restudy. And while counsel for appellant stated that he could make no sense of appellant's version of the facts of the case and that he was not convinced his client could assist him at trial, he offered no specific reference to changes in appellant's mental condition since the first competency examination.

---

**3.** D.C.Code 1973, § 24–301(a) provides, in pertinent part:

 If it appears to a court having jurisdiction of—
 (1) a person arrested or indicted for, or charged by information with, an offense . . . that, from the court's own observations or from prima facie evidence submitted to it and prior to the imposition of sentence, . . . such person . . . is of unsound mind or is mentally incompetent so as to be unable to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for examination and observation and for care and treatment if such is necessary by the psychiatric staff of said hospital. . . .

**326**

In *United States v. Caldwell, supra,* the court clearly stated that mere difficulty of communication between a defendant and his attorney is not in and of itself enough to require a competency examination. And this court, in *Lopez v. United States,* D.C. App., 373 A.2d 882, 884 (1977), also held that a defendant characterized as "obstreperous," "uncooperative," and "belligerent" was not thereby rendered incompetent.

Appellant's argument that he was deprived of due process by the failure of the trial court to order a second mental examination is not persuasive. This is not a case in which appellant faced his trial with a history of mental illness or where disturbing factors concerning his mental condition surfaced immediately before trial. Nor is it a case in which the record reflected such bizarre behavior during the course of the trial that the court had a duty to inquire, sua sponte, into appellant's competency. Accordingly, the trial court's denial of appellant's request for a second competency examination was quite appropriate in view of the previous competency finding only twenty days before trial.

*Affirmed.*