Carlos J. HOLT, Appellant,

v.

UNITED STATES, Appellee.

No. 83–781.

District of Columbia Court of Appeals.

Argued Nov. 14, 1984.
Decided Jan. 9, 1985.

Bill D. Burlison, Washington, D.C., appointed by this court, for appellant.

Scott L. Fredericksen, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Leonard E. Birdsong, and Debra L. Long, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before FERREN and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellant was arrested by police while driving an automobile previously reported stolen from a parking lot operated by a car rental agency. About a month later, he was again found by police in possession of a different automobile belonging to the same agency. He was subsequently tried and found guilty by a jury on two counts of an indictment charging him with grand larceny,[1] and on two counts charging him with unauthorized use of motor vehicles.[2]

Appellant was sentenced to serve a total prison term of 5 to 15 years: a 2 to 6 years' term on the first count of grand larceny; 20 months to 5 years' sentence for unauthorized use of a vehicle, to be served concurrently. With respect to the convictions relating to the second car, the court imposed identical sentences on each count, the grand larceny sentence to be served consecutively. An additional consecutive sentence—1 to 3 years—was imposed pursuant to papers the government filed.[3]

Appellant urges reversal on the grounds that (1) the trial court erred in failing to instruct the jury that defendant could not be convicted of both grand larceny and unauthorized use of a vehicle arising out of the same factual circumstances; (2) that the court erred in denying appellant's motion for a mental examination prior to sentencing; and, (3) that the presentence investigation report considered by the trial court for sentencing purposes was inadequate.

On each occasion that appellant had been stopped and questioned by the arresting officers, he had explained his driving the

1. D.C.Code § 22–2201 (1981).

2. D.C.Code § 22–2204 (1981). Appellant was also indicted and tried for two counts of receiving stolen property, D.C.Code § 22–2205 (1981). These counts were dismissed.

3. At the sentencing hearing, the court was provided with documents showing that the accused had committed offenses in the instant case while on release from charges then pending against him for commission of an unrelated misdemeanor. He eventually pleaded guilty to these charges.

reportedly stolen cars by saying that he had exchanged automobiles of his own with persons whom he identified as in possession of the cars which had disappeared from the rental agency lot. As no one had seen appellant or anyone else remove these particular vehicles from the lot, the government at trial found it necessary to call several witnesses to prove its case through circumstantial evidence. It called not only the officers who had attempted to discover the men mentioned by the arrestee, but also the manager of the rental agency and the rental customers who had returned the cars to the lots, and left the keys inside the vehicles after finding the rental office closed for the night.

These latter witnesses denied transferring possession of the rental cars to anyone and disclaimed any knowledge of the accused. The government also obtained from the agent of the rental company the prices of the stolen cars.

Thus it was not until the third day of the trial that the government was able to complete its case. The court, after a short recess during which a bench colloquy occurred, was about to reconvene the jury to hear the defense when the courtroom marshal informed the judge that appellant did not wish to return to his trial. His counsel was instructed to fetch him from the cell-block. The trial judge told appellant that he had the right to waive his presence at trial, but pointed out the possibility of an adverse reaction by the jurors if he were absent.

Appellant replied: "I understand what you said. I don't understand why all these people I don't know, never seen before in my life [are] saying they don't know me and never saw me." The trial judge explained that their testimony was necessary on the unauthorized use issue. Appellant then said that he understood this and indicated that he would remain in court, but would not be taking the stand.[4]

Appellant filed post-trial motions for a new trial and for a mental examination, arguing that under *Leach v. United States,* 115 U.S.App.D.C. 351, 320 F.2d 670 (1963), *on remand,* 118 U.S.App.D.C. 197, 334 F.2d 945 (1964), *on further remand,* 122 U.S.App.D.C. 280, 353 F.2d 451, *cert. denied,* 383 U.S. 917, 86 S.Ct. 911, 15 L.Ed.2d 672 (1965), he was entitled to the requested examination. The trial judge denied both motions, noting that "this is one of those rare cases where it is wholly bereft of any indication that would suggest the need for such a report [i.e. on mental condition]...."

At sentencing, appellant renewed his motion for a mental examination, contending that the presentence report was inadequate on the issue of the need for such examination. His specific complaint was that the presentence report had not been prepared specifically for the conviction in the instant case, as it had been written two months earlier for appellant's sentencing on an unrelated misdemeanor charge to which he had pleaded guilty. The trial judge again denied the motion and proceeded to impose sentence.

■ Under D.C.Code § 24–301 (1981)[5] the trial court may order a psychiatric ex-

---

**4.** The only witness called by the defense was a policeman who had been with another officer when appellant was stopped while driving a Ford Escort—the first missing car. He testified that he did not search appellant's neighborhood for the vehicle appellant told him he had exchanged for it, and that there was no damage to the Ford Escort when it was recovered from appellant.

**5.** D.C.Code § 24–301(a) (1981) provides, in pertinent part:

If it appears to a court having jurisdiction of:

(1) a person arrested or indicted for, or charged by information with, an offense ... that, from the court's own observations or from prima facie evidence submitted to it and prior to the imposition of sentence ... such person ... is of unsound mind or is mentally incompetent so as to be unable to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for

amination for a defendant, but in our opinion it was no error for the court to deny such an examination in this case. A trial judge's decision on such motions will not be reversed unless "clearly arbitrary or erroneous." *Bennett v. United States*, 400 A.2d 322, 325 (D.C.1979), and we perceive no such abuse of discretion here. The *Leach, supra*, holding is clearly distinguishable.

On appeal, appellant draws attention to his "extraordinary behavior" when he refused momentarily to be present at his own trial and his extensive criminal record," which included six felony convictions. In *Leach*, however, the trial judge learned that the defendant had twice been under psychiatric care, that in a 31 year period he had been out of jail only 63 days, and that in the presentence report he was characterized as "the classic picture of the psychopathic offender." Focusing upon this background, which is not present here, the *Leach* court held that the trial judge had erred when he did not order a mental examination. Our comment in *Bennett, supra*, where we reviewed the denial of a request for a second competency examination, might well have applied to the case before us:

> This is not a case in which appellant faced his trial with a history of mental illness or where disturbing factors concerning his mental condition surfaced immediately before trial. Nor is it a case in which the record reflected such bizarre behavior during the course of the trial

that the court had a duty to inquire, *sua sponte*, into appellant's competency. *Id.* at 325.

■ We are also not persuaded that the presentencing report was inadequate merely because it was prepared for an earlier misdemeanor case.[6] The report covered the ground required under Super.Ct. Crim.R. 32[7] and appellant has pointed to nothing that would render it inaccurate in any respect. The only factors not included in the report were the circumstances surrounding the commission of the felonies for which appellant was being sentenced; but as the sentencing judge had presided at the trial, he was well aware of these circumstances. In *Warren v. United States*, 436 A.2d 821 (D.C.1981), we said: "The primary objective of the presentence report is to focus light on the character and personality of the defendant and to discover those factors that underlie commission of the offense and defendant's conduct in general." Appellant has failed to demonstrate that the challenged report fell short of that objective.

■ We do agree, and the government concedes, that it was error to have permitted the jury to convict on the two counts of unauthorized use when the jury had already returned guilty verdicts on the grand larceny charges relating to the same vehicles. *See Arnold v. United States*, 467 A.2d 136 (D.C.1983).

Accordingly, we affirm the convictions for grand larceny, but remand to the trial

---

examination and observation and for care and treatment if such is necessary by the psychiatric staff of said hospital. . . .

6. Appellant does not allege that anything happened between his sentencing and the date the presentencing report was prepared, two months prior thereto, to indicate that a new report was necessary as it related to the issue of his mental health.

7. Super.Ct.Crim.R. 32 provides in pertinent part: (1) [T]he probation services of the Court shall make a presentence investigation and report to the Court before the pronouncement of the sentence or the granting of probation unless, with the permission of the Court, the defend-

ant waives a presentence investigation and report, or the Court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the Court explains this finding on the record. . . .

(2) The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the Court.

court solely to vacate the convictions for unauthorized use of the vehicles, and the concurrent sentences imposed for those offenses.

*So ordered.*