Frank ARNOLD, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 81–1491.

District of Columbia Court of Appeals.

Submitted April 7, 1983.

Decided Oct. 5, 1983.

Alan H. Freedman, Washington, D.C., appointed by this court, for appellant.

Stanley S. Harris, U.S. Atty., Michael W. Farrell, Edward C. McGuire, and Ava J. Abramowitz, Asst. U.S. Attys., Washington, D.C., for appellee.

Before KERN and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Following a jury trial, appellant was convicted of armed robbery, D.C.Code §§ 22–2901, –3202 (1981), assault with intent to

kill while armed, *id.* §§ 22–501, –3202, unauthorized use of a motor vehicle, *id.* § 22–2204, and grand larceny, *id.* § 22–2201. On appeal he contends that reversal is compelled by improper remarks made by the prosecutor during his rebuttal argument, and urges that the separate convictions for grand larceny and unauthorized use of a motor vehicle were improper. We find no reversible error in the prosecutor's challenged remarks; however, we agree with appellant's latter contention.

Appellant and the complaining witness testified at trial that, in the early morning hours of January 9, 1981, the complaining witness invited appellant, a stranger, into his car to assist him in finding hotel accommodations or a place to buy a drink. (Supp. Record at 13–14, 205–13.) According to their testimony, after driving around in the complainant's car for at least an hour and a half, appellant and the complainant checked into a hotel room together. (Supp. Record at 16, 213.) As to what transpired between them in the hotel room, their testimony diverged. The complaining witness stated that he was lying on the bed in the hotel room when he suddenly felt himself being stabbed by appellant. (Supp. Record at 19.) Appellant stated that he had dozed off in a chair, but suddenly awoke to find himself being violently attacked by the complaining witness and subjected to unexpected and unwanted sexual advances. (Supp. Record at 215.) Appellant admitted that he stabbed the complaining witness but contended that he did so in self defense. (Supp. Record at 216.) Appellant further admitted to taking the complainant's car following the altercation, but explained that he did not intend to steal it and that he did not go to the police because he was facing thirty years' "back-up" time for a prior offense. (Supp. Record at 217.) He also explained as the product of that same fear a statement he made to the arresting police officers that he had stolen the car but

that he did not know the complaining witness. (Supp. Record at 223–24.)

I.

Appellant argues first that the prosecutor improperly injected into his rebuttal argument his personal opinion that appellant was untruthful in his testimony at trial. He cites to instances in which the prosecutor suggested that appellant had a plan to assault and rob the complainant, (Supp. Record at 305–06), suggested that the jury conclude that appellant was not truthful to them, (Supp. Record at 312), asked rhetorically whether the jury could believe appellant's story and implied that it was not believable, (Supp. Record at 304, 307–09),[1] and impeached appellant's testimony by reminding the jury that he had said he knew where to find bootlegged beer and marijuana. (Supp. Record at 304.) Appellant also maintains that the prosecutor misquoted his statement that he had lied to the arresting officers in such a way as to imply that he had instead admitted lying to the jury. (Supp. Record at 311.) Finally, appellant contends that the prosecutor misstated the evidence when he argued that a witness who had overheard the scuffle had testified that he had heard the complainant crying for help. (Supp. Record at 307.)

In ruling upon assertions of prosecutorial misconduct, we generally inquire as to whether the misconduct, if it occurred, caused "substantial prejudice" to the appellant. *See (Duane) Dyson v. United States,* 450 A.2d 432, 437 (D.C.1982); *Bennett v. United States,* 375 A.2d 499, 504 (D.C.1977); *Garris v. United States,* 295 A.2d 510, 512 (D.C.1972). However, in this case, appellant made no objection at trial to any of these remarks now challenged. Therefore, the applicable standard of review is whether the prosecutor's comments amounted to "plain error;" that is, whether they were so clearly prejudicial to substantial rights of

---

1. Specifically, the prosecutor asked the jury at one point during rebuttal: "Do you believe that testimony?" (Supp. Record at 304); and "Can you believe any of that testimony ...? ... That just didn't happen." (Supp. Record at 308.) At the close of his rebuttal, the prosecutor stated: "We suggest to you that if you use your common sense and weigh the evidence you will conclude [appellant] has not been truthful." (Supp. Record at 312.)

appellant as to jeopardize the very fairness and integrity of the trial. *Watts v. United States,* 362 A.2d 706 (D.C.1976) (en banc).

■ Viewed in context, the prosecutor's statements on rebuttal in this case did not rise to the level of plain error. In each instance in which the prosecutor made remarks implying that appellant's version of the events was not credible, it was in the context of his emphasizing, permissibly, obvious conflicts in appellant's testimony. *E.g., United States v. Stevenson,* 138 U.S. App.D.C. 10, 12, 424 F.2d 923, 925 (1970). The prosecutor's comments were more in the nature of argumentation than outright expressions of personal opinion.[2] The prosecutor's reference to appellant's knowledge of where to buy marijuana and alcohol, a matter testified to by appellant, likewise was intended to show that appellant, being streetwise, could not consistently have been surprised by the complaining witness' sexual advances. Further, the prosecutor's statement highlighting appellant's admittedly false statement to the arresting officers, in the context of the prosecutor's description of the evidence on that point adduced at trial, and his reminder to the jury—twice made—that it was their province to weigh the witness' credibility, cannot be understood to suggest that appellant had said instead that he lied to the jury.

In arguing that appellant had a plan to assault and rob the complainant, the prosecutor was simply arguing reasonable inferences from the evidence which were necessary to a finding of the requisite intent. Finally, although the witness who had overheard the scuffle and who had come to the

complainant's assistance after appellant fled was unable to identify the complainant at trial as the person he had assisted, he did testify that he "heard the person who was attacked" and "recognized his voice that morning," (Supp. Record at 79), thus permitting the inference that he later identified complainant as the victim. He also testified that the voice he heard was shrill; and the jury was able to judge for itself the tenor of complainant's voice.

In light of the court's instructions to the jury immediately following the rebuttal that they were the sole judges of credibility and of the facts, (Supp. Record at 312–13); in view of the strength of the government's case; and having reviewed each of the challenged remarks in context, we are not persuaded that any of them were so clearly prejudicial to appellant's rights as to jeopardize the fairness and integrity of his trial.

## II.

We turn now to appellant's second contention, relying upon *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), that the dual convictions for grand larceny and unauthorized use of a motor vehicle are improper. Appellant argues that the former offense includes within it the latter and requires proof of no fact which the latter does not.[3]

■ The Double Jeopardy Clause of the Fifth Amendment prohibits the imposition of cumulative punishments for "the same offense." In *Blockburger,* the Supreme Court set forth the test for determining whether two statutory offenses are suffi-

---

**2.** This case is thus distinguishable from *(Duane) Dyson v. United States, supra,* 450 A.2d at 439–40, upon which appellant relies. In that case, we held a prosecutor's remarks to constitute improper unsworn opinion "testimony" where the prosecutor had three times in closing argument not merely suggested, but actually stated, that the accused did not tell the truth. As he made one of those objectionable remarks, the prosecutor in that case had also sat in the witness chair and mimicked the accused. Moreover, in that case, the standard of review applied was "substantial prejudice," not "plain error," as here.

**3.** We note that this issue has been addressed in two opinions of the United States Court of Appeals for the District of Columbia. *United States v. Johnson,* 140 U.S.App.D.C. 54, 433 F.2d 1160 (1970); *Evans v. United States,* 98 U.S.App.D.C. 122, 232 F.2d 379 (1956). However, because *Johnson* and *Evans* have been effectively overruled by *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), we do not rely upon them for decision.

ciently distinguishable that cumulative punishments may be imposed:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), held that grand larceny of an automobile and "joyriding" (taking or operating a vehicle without the owner's consent), as those offenses were defined by Ohio statutes, constituted the same offense. There, the Ohio Court of Appeals had authoritatively construed the joyriding offense to be a lesser offense included within the auto theft offense, and had determined that the two statutory offenses were the "same" for purposes of the constitutional prohibition against double jeopardy. The Supreme Court, applying the *Blockburger* test, agreed that joyriding and auto theft, under Ohio law, constitute the same offense.

█ In this jurisdiction, grand larceny of a motor vehicle requires proof of the asportation of the vehicle with a specific intent to steal, *Fogle v. United States,* 336 A.2d 833 (D.C.1975), and proof of the value of the vehicle, *see Moore v. United States,* 388 A.2d 889 (D.C.1978), neither of which are required to be proved for a conviction for unauthorized use of a motor vehicle.

█ However, in this case, the conviction for unauthorized use of a motor vehicle "require[d] proof of [no] fact which the other [did] not." Likewise, under the facts of this case, there is no meaningful difference between D.C.Code §§ 22–2204, –2201, *supra,* and the Ohio statutes analyzed in *Brown.* D.C.Code § 22–2204, *supra,* unlike the Ohio statute, states that the vehicle must be operated or taken for one's "own profit, use, or purpose." *See* D.C.Bar Ass'n Criminal Jury Instructions for the District of Columbia, No. 4.66 (3d ed. 1978). Under other facts, it is possible that a conviction for grand larceny might be had without proof of this particular element of unauthorized use. However, in considering whether two statutory offenses are the "same," it is appropriate to consider the facts of the case rather than limit our analysis to "abstract consideration of the statutes involved." *Hall v. United States,* 343 A.2d 35, 39 (D.C.1975). In this case there appears to be no significant difference in the nature of appellant's use of the vehicle with regard to the unauthorized use conviction, which might have distinguished it from his use and possession of the vehicle with regard to grand larceny. Unauthorized use required no proof beyond that required for conviction of grand larceny. Therefore, we conclude that appellant was improperly subjected to multiple punishment for the "same" offense. The fact that concurrent, rather than consecutive, sentences were imposed does not change our analysis.[4]

Accordingly, we affirm the convictions for armed robbery, assault with intent to kill while armed, and grand larceny, but we remand to the trial court to vacate the conviction for unauthorized use of a motor vehicle.

*So ordered.*

---

4. Following the Supreme Court's decisions in *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), and in *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), it has not been clear whether the proscription of multiple punishments applied only when *consecutive* sentences were imposed or whether it also barred dual convictions, with concurrent sentences, for violation of two penal provisions which are the "same" under *Blockburger.* However, this court has previously held that even concurrent sentences fall within the prohibition, *Doepel v. United States,* 434 A.2d 449, 459 (D.C.1981); and that view appears to be supported by the recent Supreme Court decision in *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).