Cardell L. PARKER, Appellant,

v.

UNITED STATES, Appellee.

No. 83–111.

District of Columbia Court of Appeals.

Argued March 6, 1984.

Decided May 31, 1984.

Paul Arkush, Washington, D.C., appointed by this court, for appellant.

Terence J. Keeney, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, Judith Hetherton and Mary Ellen Abrecht, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, MACK, Associate Judge, and GALLAGHER, Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

Appellant was charged in an indictment with grand larceny, D.C.Code § 22–2201 (1981), receiving stolen property, *id.* § 22–2205, and unauthorized use of a vehicle, *id.* § 22–2204. He was convicted by a jury of grand larceny and unauthorized use of a motor vehicle and was sentenced to concurrent prison terms of two to six years for grand larceny and one year for unauthorized use of a motor vehicle. In challenging the conviction of grand larceny, he asserts that the evidence failed to establish that the value of the stolen automobile equaled or exceeded $100 and that the trial court erred in denying defense counsel's request for a lesser-included instruction on petit larceny. Appellant also contends that the prosecutor improperly interfered with appellant's right to present a witness. We affirm his conviction of grand larceny and vacate his conviction of unauthorized use of a motor vehicle.

Evidence presented by the government indicates that in the early morning hours of April 18, 1982, Vernon N. Brown parked his blue 1979 Mercury Bobcat in front of his apartment building at 5123 Second Avenue, N.W. The following morning, after realizing that he left the car key in the trunk lock, he walked outside to retrieve them, but the automobile was gone. Brown notified the police that his car had been stolen.

Four days later on April 24, 1982, Officers Michael Maderas and Herbert W.J. Gilbert, Jr. observed a blue 1979 Mercury Bobcat being driven north on 9th Street, N.W. The officers pulled over the automobile, and Maderas approached on the driver's side and asked the driver, subsequently identified as appellant, if he owned the car. Appellant responded that the car was owned by Vernon Brown and, in response

to further inquiry, stated that it was stolen. Appellant was then placed under arrest.

Offering a different version of the events leading to his arrest, appellant testified that while he was soliciting for prostitution on the corner of 14th and Belmont Streets, N.W. in the early morning hours of April 19, he was approached by Brown and was invited to his home. According to appellant, as he was leaving Brown's home later in the morning, Brown gave him the car keys and permission to use the automobile. He testified further that he had attempted unsuccessfully to contact Brown about returning the car.

I

To successfully prosecute a charge of grand larceny, the government must establish that the stolen property had a value of $100 or more at the time of the theft. D.C.Code § 22–2201 (1981). We continue to adhere to the standard adopted in *Boone v. United States*, 296 A.2d 449, 450 (D.C. 1972) that the government must "produce evidence [of value] sufficient to eliminate the possibility of the jury's verdict being based on surmise or conjecture." In asserting that the government failed to meet its burden, appellant cites this court's holding in *Boone* that "in a grand larceny case ... it is reversible error to submit the issue of value to a jury where the only evidence produced was: (a) the physical presence of the items stolen and (b) the owner's statement of original cost." *Id.* at 450 (citing *United States v. Thweatt*, 140 U.S.App. D.C. 120, 433 F.2d 1226 (1970)).

Here, there was evidence in addition to the automobile's original cost to establish value at the time of the theft. Brown testified that he purchased the 1979 automobile in 1979 for $6,000 and that it was thirty-two months old when stolen. He also testified that the car never required any major repairs and that at the time of the theft, it was running well and was without any body damage. Moreover, the operability of the vehicle is supported by Officer Maderas' testimony that appellant was driving it immediately prior to his arrest.

Only if it had lost 98 percent of its value in thirty-two months would the automobile have been worth less than $100. Uncontradicted testimony concerning the condition of the car was sufficient for the jury to reasonably conclude that it had not depreciated to that degree.[1]

II

Appellant additionally asserts that the government improperly interfered with his right to present witnesses in his behalf. At trial, prior to jury *voir dire*, the government proposed that an informal lineup be conducted to determine whether a prospective defense witness, identified as Mr. Hanif, could identify Brown. Defense counsel had informed the court that he hoped Hanif would recognize Brown and be able to corroborate appellant's alleged encounter with Brown at 14th and Belmont Streets during the early morning hours of April 19. Defense counsel objected to a lineup and

1. Because the evidence did not support a finding that the automobile was worth less than $100, we reject appellant's contention that the trial judge improperly denied appellant's request for an instruction on petit larceny as a lesser-included offense of grand larceny. Where all elements of a lesser offense are included within the offense charged, a defendant is entitled to a lesser-included instruction if there is "any evidence, 'however weak'" to support it. *Rease v. United States*, 403 A.2d 322, 328–29 (D.C.1979). Here, as we have concluded, evidence presented by the government did not support a reasonable inference that the automobile was worth less than $100. In addition, appellant neither presented evidence nor conducted cross-examination addressing the value issue. Finally, the trial judge instructed the jury that a grand larceny conviction required finding beyond a reasonable doubt that the property was worth $100 or more. Thus, contrary to appellant's assertion, the court's failure to instruct on petit larceny did not withdraw the issue of value from the jury's consideration.

asked the court to relax the rule on witnesses so that Hanif could view Brown. The court denied both requests and ordered the government to take no steps to prevent a viewing and defense counsel to take no steps to permit one. During the first day of trial, the prosecutor entered the court anteroom where Hanif was sitting and informed him that the door to that room had to remain closed. As a result of this interference, asserts appellant, the witness was denied an opportunity to view Brown and, therefore, could not be called to testify.

 The right of a defendant to establish a defense by presenting witnesses in his own behalf, a right that is fundamental to due process of law, can be impermissibly infringed upon by actions of the court or the prosecution. *See, e.g., Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); *United States v. Smith*, 156 U.S. App.D.C. 66, 478 F.2d 976 (1973). Here, however, the record does not indicate that the prosecutor infringed upon that right. Appellant remained free to call Hanif as a witness, and he could have been asked on the stand whether he recognized Brown. Alternatively, an informal lineup could have been conducted outside of the presence of the jury for identification purposes. Appellant, however, freely elected not to pursue either of these courses of action, and his assertion that the prosecutor prevented Hanif from identifying Brown is therefore without merit. Hanif remained free to testify in appellant's favor if he was capable of doing so.

## III

 We turn now to an issue that has been commendably raised by the government but not by appellant. In *Arnold v. United States*, 467 A.2d 136, 139 (D.C. 1983), this court held that a conviction for unauthorized use of a motor vehicle must be vacated if it required no proof beyond that necessary for a grand larceny conviction arising out of the taking of the same vehicle. In *Arnold*, the appellant was charged with unauthorized use for operating a vehicle several hours after he had stolen it. *Id.* at 137. The government cites to that fact in attempting to distinguish *Arnold* from this case, emphasizing that, here, appellant was charged with grand larceny for stealing the car on April 20 and with unauthorized use for operating it on April 24. Because the offenses arose out of distinct acts occurring on different days, argues the government, convictions for both are not prohibited by the Double Jeopardy Clause of the Fifth Amendment.

The answer to the government's argument was provided by the Supreme Court in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Court in *Brown* held that dual convictions under Ohio's joyriding and auto theft statutes violated the Double Jeopardy Clause because a conviction of joyriding required no proof beyond that needed for a conviction of auto theft. *Id.* at 168–69, 97 S.Ct. at 2226–2227. In reaching this holding, the Court rejected the government's argument that the nine day period between the charged auto theft and joyriding offenses established that the prosecutions were based upon different acts. *Id.* at 169, 97 S.Ct. at 2227. The Court stated that prosecutors cannot avoid the Double Jeopardy Clause "by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Id.* at 169, 97 S.Ct. at 2227. (citation omitted).

The argument rejected by the Court in *Brown* is undistinguishable from what the government now asserts in attempting to distinguish this case from *Arnold*. As the Court noted in *Brown*, the acts underlying the charged offenses could be viewed as severable if the legislature had provided that unlawful use is a separate offense for each day that a vehicle is operated without consent of the owner. *Id.* at 169 n. 8, 97 S.Ct. at 2227. There is no such provision in D.C.Code § 22–2204 (1981). Therefore, ap-

pellant was subjected to multiple punishment for the same offense, as his conviction of unauthorized use required no proof beyond that necessary for his conviction of grand larceny.[2]

Accordingly, we affirm the conviction of grand larceny and remand to the trial court to vacate the conviction of unauthorized use of a motor vehicle.

*So ordered.*

**2.** As we stated in *Arnold v. United States, supra,* 467 A.2d at 139, the fact that appellant received concurrent rather than consecutive sentences for the two offenses does not alter the situation. Although the Supreme Court in *Brown v. Ohio, supra,* specifically held that the imposition of *consecutive* sentences for the same offense violates the Double Jeopardy Clause, this court in *Doepel v. United States,* 434 A.2d 449, 459 (D.C. 1981), held that imposition of concurrent sentences is also within the prohibition. This position appears to be supported by decisions subsequent to *Brown* in which the Court has stated that absent legislative authorization, imposition of "cumulative punishment" for the same offense is prohibited by the Double Jeopardy Clause. *See Missouri v. Hunter,* —— U.S. ——, ——, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Whalen v. United States,* 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980). As we conclude in *Doepel,* a sentence that runs concurrently with another sentence "is an element of punishment because of potential collateral consequences." *Doepel v. United States, supra,* 434 A.2d at 459 (citing *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Thus, concurrent sentences constitute "cumulative punishment."

We also note that if the legislature had indicated that punishment for violations of the statutes can be cumulative, imposition of two sentences would not violate the Double Jeopardy Clause. *See Missouri v. Hunter, supra,* —— U.S. ——, 103 S.Ct. at 679. Here, however, there is no such indication, and statutes that proscribe the same offense are to be "construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." *Whalen v. United States, supra,* 445 U.S. at 692, 100 S.Ct. at 1438.