Larry C. BLACK, Appellant,

v.

UNITED STATES, Appellee.

No. 83–968.

District of Columbia Court of Appeals.

Argued Dec. 11, 1985.

Decided March 28, 1986.

---

Blair Brown, Public Defender Service, with whom James Klein, Public Defender Service, was on brief, for appellant.

Gerald W. Heller, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, and Thomas J. Tourish, Jr., Asst. U.S. Attys., were on brief, for appellee.

Before NEBEKER, MACK and NEWMAN, Associate Judges.

NEBEKER, Associate Judge:

Appellant Black was convicted of two counts of kidnapping while armed, D.C. Code §§ 22–2101, –3202 (1981), one count of unauthorized use of a vehicle, id. § 22–2204, and one count of armed robbery, id. §§ 22–2901, –3202. On appeal he claims first, that the prosecutor used improper tactics when cross-examining appellant's witnesses and during closing and rebuttal arguments; and second, that the trial court abused its discretion in resuming appellant's trial in his absence. Finding no merit in appellant's first claim, we otherwise affirm the conviction. We remand on appellant's second claim, however, for the trial court to determine if appellant was voluntarily absent from the trial.

## I

Appellant's first contention includes three allegations of prosecutorial misconduct. Appellant contends that the prosecutor: (1) improperly commented on his alibi defense during rebuttal argument to the jury; (2) pursued a line of questioning during cross-examination and closing argument suggesting that one of appellant's witnesses should be disbelieved because he had not been present during *voir dire;* and (3) improperly suggested a missing witness inference during the cross-examination of a witness. Appellant's arguments are each without merit.

Assertions of prosecutorial misconduct are evaluated to determine if the conduct caused "substantial prejudice" to the appellant. *Arnold v. United States,* 467 A.2d 136, 137 (D.C.1983) (citations omitted). If appellant fails to object at trial, however, our standard of review of the prosecutor's comments is " 'plain error'; that is, whether they were so clearly prejudicial to substantial rights of appellant as to jeopardize the very fairness and integrity of the trial." *Arnold, supra,* 467 A.2d at 137–38 (citing *Watts v. United States,* 362 A.2d 706 (D.C. 1976) (en banc)). We note that defense counsel failed to object at trial to contentions (1) and (3) noted above.

During rebuttal argument, the prosecutor suggested that defense counsel's failure to mention during closing argument the defendant's alibi defense undercut the credibility of defendant's alibi. In addition, the prosecutor suggested that appellant's

alibi had been called into doubt by the government's rebuttal evidence. Nothing in the prosecutor's statements suggested that defense counsel personally disbelieved the alibi; instead, the prosecutor merely commented on appellant's defense. *See Beynum v. United States,* 480 A.2d 698, 710 (D.C.1984) (prosecutor's statements merely conclusions based on evidence adduced at trial). Noting defense counsel's failure to object at trial, we conclude that the prosecutor's comments do not rise to the level of plain error.

 Appellant's other claims of prosecutorial misconduct are also meritless. After reviewing the record testimony, we find nothing to support appellant's claim that during cross-examination and closing argument the prosecutor improperly questioned appellant's witness's failure to appear for introduction during jury *voir dire.* Although defense counsel objected at trial, appellant was not substantially prejudiced by the prosecutor's inquiry. *See Arnold, supra,* 467 A.2d at 137. Similarly, during the cross-examination of appellant's alibi witness the prosecutor merely commented on a potential witness's absence; the prosecutor's comments did not "directly urge the jury to draw from the facts [of absence] an inference adverse to the appellant." *Logan v. United States,* 489 A.2d 485, 490 (D.C.1985) (quoting *Parks v. United States,* 451 A.2d 591, 614 (D.C.1982), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2123, 77 L.Ed.2d 1303 (1983)). Defense counsel failed to object to this comment. Thus, we conclude that the prosecutor's comments were not plain error.

## II

 Appellant's second contention, that the trial court erred in resuming the trial in his absence, has merit. Appellant failed to arrive in court on the trial day in question until 11:10 a.m. On the preceding trial date, appellant had been given notice to return to court at 9:30 a.m. Appellant had not previously been late for any day of the four-day trial. In addition, the trial judge's chambers received a telephone call on the morning in question indicating that appellant had to catch a metrorail train to the courthouse because someone had taken the battery from appellant's automobile. Appellant's trial counsel informed the trial judge of these facts and noted her objection to proceeding without appellant being present. At 9:45 a.m., the trial judge resumed the trial in appellant's absence after waiting for appellant only fifteen minutes. Testimony of rebuttal witnesses was heard.

The Sixth Amendment of the Constitution guarantees a criminal defendant the right "to be confronted with the witnesses against him...." U.S. Const. amend. VI. Under Superior Court Criminal Rule 43, a defendant's presence at trial is required unless he "voluntarily absents himself." Super.Ct.Crim.R. 43(b)(1). Before appellant's absence may be construed as voluntary, it must be shown that he made "an intentional relinquishment or abandonment of a known right or privilege." *Taylor v. United States,* 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174 (1973) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). In the case before us, the trial court made no such determination about the voluntariness of appellant's absence, and the record is not adequate for a decision now. D.C.Code § 17–306 (1981) vests this court with the authority to "remand the cause and direct the entry of such appropriate order, judgment, or decision, or require such further proceedings to be had, as is just in the circumstances."

Accordingly, we affirm the judgment of conviction as to the first issue on appeal but remand the case for a determination of whether appellant's absence during part of the trial was voluntary. The judgment of conviction is to abide the outcome of that determination.

*Affirmed in part and remanded for further proceedings.*