**Michael WORTHY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1522.

District of Columbia Court of Appeals.
Argued April 15, 1986.
Decided June 5, 1986.

Rhonda Reid Winston, Public Defender Service, with whom James Klein, Public Defender Service, Washington, D.C., was on brief, for appellant.

Linda S. Chapman, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., and Edward C. McGuire, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, NEBEKER, Associate Judge, and PAIR, Senior Judge.

PAIR, Senior Judge:

Appellant was convicted by a jury of felony counts of receiving a stolen automobile and unauthorized use of that automobile in violation of D.C.Code §§ 22–2205, –2204 (1981), respectively. He was then sentenced to concurrent prison terms of 40 to 120 months on the receiving stolen property charge and 5 to 25 years on the unauthorized use count, the latter sentence having been enhanced pursuant to D.C.Code § 22–104a (1981) by virtue of his prior felony convictions. In this appeal, appellant argues, and the government concedes, that his two convictions merged inasmuch as the offenses were the same for purposes of the constitutional prohibition against double jeopardy. We agree.

Early one morning in July 1982, Karlton Davis left his home in northwest Washington to lock his car, a 1968 Mustang, which he had parked in front. When he came out of his house, however, he noticed that the car was down the street at a corner, approximately a half block from where he had left it. Just then, Davis saw someone (whom he could not positively identify) get into the car and drive through the intersection. Davis instructed his girlfriend to call the police, and he then pursued the car on foot. After he initially lost sight of it, Davis turned a corner and spotted the car, which was then unoccupied, parked some distance away. He quickly went to a nearby telephone and called the police himself.

While Davis was on the telephone, he saw a man whom he later identified as appellant get into the car and drive off by himself.[1] Davis cut short his conversation with the police and once again gave chase, this time succeeding in following the car until it was stopped. Davis approached appellant, who by then had gotten out of the car and was working to break the lock on its trunk, and told him to leave his car

---

1. Davis was unable to say at trial whether appellant was the same person he had first seen driving his car.

alone. In response, appellant moved toward Davis and claimed that he owned the car. Davis stepped back, and appellant then got into the automobile and drove away. Davis again ran after the car but he could not keep up with it and appellant escaped. At about this time, the police arrived and together they searched the area for Davis' car, but were unable to locate it.

Undaunted, Davis returned home and engaged a friend to help look for the car. After canvassing the neighborhood for thirty to forty minutes, the two came upon it in an alley. The car was partially dismantled, so Davis locked it and returned the next day to make it operable. After doing so, he moved the car back to his house. Later that day, as Davis was driving around with his friend, he spotted appellant close to the place in which they had their confrontation the previous day. The two then watched as appellant entered a nearby house. As his friend kept watch over the house, Davis called the police who arrived shortly thereafter. When appellant left the house, he was identified by Davis and then arrested.

The contention is that appellant could not lawfully be convicted of both offenses because in this case the unauthorized use conviction required proof of no fact which the conviction for receiving stolen property did not. The definitive test for determining the propriety of dual convictions predicated on the same event was enunciated by the Supreme Court in its now familiar *Blockburger*[2] decision:

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182.

In *Arnold v. United States,* 467 A.2d 136 (D.C.1983), a decision the parties agree controls here, this court was confronted with the question whether dual convictions for grand larceny and unauthorized use of a motor vehicle could withstand double jeopardy scrutiny. Employing the *Blockburger* analysis, we held in *Arnold* that the dual convictions were improper, saying:

> In this case there appears to be no significant difference in the nature of appellant's use of the vehicle with regard to the unauthorized use conviction, which might have distinguished it from his use and possession of the vehicle with regard to grand larceny. Unauthorized use required no proof beyond that required for conviction of grand larceny. Therefore, we conclude that appellant was improperly subjected to multiple punishment for the "same" offense.

*Id.* at 139; *see also Holt v. United States,* 486 A.2d 705, 708 (D.C.1985); *Jones v. United States,* 479 A.2d 332 (D.C.1984); *Parker v. United States,* 476 A.2d 173, 176–77 (D.C.1984). We added it did not matter that concurrent, rather than consecutive, sentences were imposed for the convictions, *Arnold, supra,* 467 A.2d at 139 (footnote omitted), a sentencing feature found also in the instant case.

*Arnold* is dispositive here as the use and possession of an automobile associated with the crime of larceny cannot be distinguished from the use and possession which is inherent in the act of receiving a stolen automobile, at least insofar as they relate to a conviction for unauthorized use challenged on double jeopardy grounds. On the authority of *Arnold,* it is enough, then, that unauthorized use requires no proof beyond that required for conviction of receiving a stolen automobile, although the converse is not true because the latter offense calls for proof the automobile was stolen, the defendant had knowledge, or cause to believe it was stolen, and the defendant received it fraudulently. *E.g., Tucker v. United States,* 421 A.2d 32, 34 (D.C.1980) (citing *Brown v. United States,* 304 A.2d 21 (1973)). Dual convictions for these offenses cannot be sustained where,

---

**2.** *Blockburger v. United States,* 284 U.S. 299, 52   S.Ct. 180, 76 L.Ed. 306 (1932).

as here, they are predicated factually on a singular act or transaction.

Since appellant's dual convictions are constitutionally infirm, one must be vacated. Ordinarily, we would remand this case to the trial court with instructions that it vacate the conviction on the lesser charge —here, unauthorized use of a vehicle—as we did in *Arnold, supra,* 467 A.2d at 139. However, the government has suggested that we leave this conviction intact and remand for vacation of the greater conviction—receiving stolen property—since appellant's unauthorized use sentence was en-hanced because of prior felony convictions and therefore a remand under the first approach would necessitate resentencing. This disposition is acceptable to appellant, and is acceptable to us.[3]

*So ordered.*

---

**3.** For this reason, we do not reach appellant's second contention on appeal that the trial court erred in denying his motion for a judgment of acquittal on the felony receiving stolen property count because the government failed to prove the automobile's fair market value.