Collier C. **KINGSBURY,** Jr., Appellant,

v.

**UNITED STATES,** Appellee.

No. 84–1581.

District of Columbia Court of Appeals.

Argued Sept. 10, 1986.
Decided Feb. 17, 1988.

L. Robert Miller, appointed by this court, for appellant. James Klein and Richard Greenlee, Public Defender Service, Washington, D.C., were on the brief, for appellant.

Fred Grabowsky, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Thomas J. Tourish, Jr., and Joan C. Barton, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, NEWMAN and TERRY, Associate Judges.

NEWMAN, Associate Judge:

On this appeal, we are required to examine the doctrine of multiple offenses and merger as applied to a case where a person takes a car from its owner at gunpoint, drives it away, and is apprehended two weeks later driving the car.

Kingsbury was convicted of one count of armed robbery, two counts of unauthorized use of a motor vehicle, and carrying a pistol without a license. He contends that on the facts of this case, the Double Jeopardy Clause of the fifth amendment required that the offense of unauthorized use merge with the offense of armed robbery, and, likewise, that there was only one offense of unauthorized use. Thus, he contends, both convictions for unauthorized use must be vacated. The government, in its brief, concedes that the two convictions of unauthorized use may not stand since, on the facts of this case, there was one continuing offense of unauthorized use, not two separate ones. We agree with the government on this point. *See Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed. 2d 187 (1977); *Parker v. United States,* 476 A.2d 173 (D.C.1984); *Arnold v. United States,* 467 A.2d 136 (D.C.1983). We agree with Kingsbury that his conviction of unauthorized use merges with his conviction of armed robbery; we reverse so much of the judgment as contains the convictions of unauthorized use of a motor vehicle.[1]

■ The Double Jeopardy Clause of the fifth amendment stands as a bar to multiple punishments for the same offense;

---

1. Kingsbury's other contentions do not require discussion; they are devoid of any merit. The trial court did not err in denying the motion to suppress identification. *See Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The evidence was sufficient to establish the identity of Kingsbury as the perpetrator beyond a reasonable doubt. *See Berryman v. United States,* 378 A.2d 1317 (D.C.1977). *See also Wilson v. United States,* 380 A.2d 1001 (D.C. 1977). There is likewise no merit in Kingsbury's *pro se* submission.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). This is so even if concurrent sentences are imposed for the "same offense." *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *Doepel v. United States,* 434 A.2d 449, 459 (D.C.), *cert. denied,* 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed. 2d 483 (1981). One transaction may, however, constitute separate and distinct offenses; then separate punishments are appropriate. *Albernaz v. United States,* 450 U.S. 333, 344–45 n. 3, 101 S.Ct. 1137, 1145 n. 3, 67 L.Ed.2d 275 (1981); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Jones v. United States,* 401 A.2d 473 (D.C.1979). In *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the Supreme Court held that the *Blockburger* test is made applicable to the District of Columbia by D.C.Code § 23–112.[2] That test is:

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182.

■ We have previously held that unauthorized use of a motor vehicle is a lesser included offense of grand larceny of the same automobile on facts similar to these. *See Arnold v. United States, supra; accord Parker v. United States, supra.* The government, urging that the elements of the offenses of armed robbery and unauthorized use of a vehicle differ,[3] seeks to distinguish these cases by contending that rather than looking to the facts of a case, we should focus solely on the abstract legal elements of the offense, citing *Robinson v. United States,* 501 A.2d 1273, 1275 (D.C. 1985). The government seeks to distinguish *Arnold*'s factual context analysis, contending that this court erroneously thought itself bound to do so by *Brown v. Ohio, supra.* We reject the government's

---

**2.** D.C.Code § 23–112 (1981) provides:

A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) *arises out of the same transaction and requires proof of a fact which the other does not.* [Emphasis added.]

**3.** The essential elements of the offense of armed robbery are:

1. That the defendant took property of some value from the complainant against the will of the complainant;

2. That the defendant took possession of such property by force or violence, whether against resistance, or by sudden or stealthy seizure or snatching, or by putting the complainant in fear;

3. That the defendant took possession of such property from the person or immediate actual possession of the complainant;

4. That, after having so taken the property, the defendant carried it away; and

5. That the defendant took such property and carried it away without right to do so and with specific intent to steal it;

6. That, at the time of the commission of the offense, the defendant was armed with, or

had readily available, a [pistol] [imitation pistol] [firearm] [imitation firearm] [sawed-off shotgun] [shotgun] [machine gun] [rifle] [dirk] [bowie knife] [butcher knife] [switchblade knife] [razor] [black jack] [billy] [metalic or other false knuckles] [dangerous or deadly weapon]. A dangerous or deadly weapon is one which is likely to produce either death or great bodily injury. In determining whether the instrument in question was a deadly or dangerous weapon, you may consider all the circumstances surrounding its possession and use.

Criminal Jury Instructions for the District of Columbia, Nos. 4.61 and 4.03 (3d ed. 1978).

The essential elements of the offense of unauthorized use of a motor vehicle are:

1. That the defendant took a motor vehicle, or that he used, operated, or removed it from any place, or that he caused it to be taken, used, operated, or removed from any place;

2. That he operated it, or drove it, or caused it to be operated or driven for his own profit, use, or purpose;

3. That he did so without the consent of the owner; and

4. That at the time the defendant took, used, operated, or removed the vehicle, or caused it to be taken, used, operated or removed, he knew that he did so without the consent of the owner.

Criminal Jury Instructions, *supra,* No. 4.66.

attempt to so narrowly read *Arnold.* Rather, we read *Brown v. Ohio, supra,* as permitting—and perhaps in some circumstances, requiring the type factual analysis we did in *Arnold. See also Hall v. United States,* 343 A.2d 35, 39 (D.C.1975).

As previously stated, we held in *Arnold v. United States, supra,* that on certain facts, unauthorized use of a vehicle is a lesser included offense of grand larceny. That would be so on the facts in this case. We have also previously held that larceny is a lesser included offense of robbery and armed robbery. *Rease v. United States,* 403 A.2d 322, 328 (D.C.1979); *Rouse v. United States,* 402 A.2d 1218, 1219–20 (D.C.1979); *accord United States v. Dixon,* 152 U.S.App.D.C. 200, 202, 469 F.2d 940, 942 (1972); *Walker v. United States,* 135 U.S.App.D.C. 280, 284, 418 F.2d 1116, 1120 (1969). As we stated in *Rouse:* "Appellant and the government agree that robbery is an aggravated form of larceny...." 402 A.2d at 1220 (citation omitted). The sum and substance, therefore, is that we have previously held that unauthorized use of a vehicle is a lesser included offense of larceny and that larceny is a lesser included offense of robbery and armed robbery. Therefore, unauthorized use of a vehicle is a lesser included offense of armed robbery on the facts in this case.[4] Put another way, to prove the armed robbery by Kingsbury of the car from the complainant, the government had to prove that he took the car from the immediate actual possession of the complainant, against her will by putting her in fear of a pistol, and carried the car away with the specific intent to steal it. To prove unauthorized use of a vehicle, the government had to prove that Kingsbury took the complainant's car without her consent and drove it, knowing that he did not have her consent to do so.[5] Given the government's proper concession, *Arnold v. United States, supra,* that there was only one unauthorized use offense in

this case, we are satisfied that the unauthorized use here is, in essence, no more than the nonconsensual asportation element of armed robbery.

*Reversed in part; affirmed in part; remanded for further proceedings consistent with this opinion.*

---

4. On different facts, where the automobile is not the item stolen in the armed robbery, one could easily have separate offenses of armed robbery and unauthorized use of a vehicle. For example, after robbing a victim of his money and watch, the bandit ran five blocks with the victim not in chase, broke into the same victim's car and drove it away.

5. We find nothing inconsistent in our analysis and holding in this case with our opinion in *Waller v. United States,* 531 A.2d 994 (D.C.1987).