**Napoleon BENNETT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 91–CO–1335.

District of Columbia Court of Appeals.

Argued Jan. 12, 1993.

Decided Feb. 23, 1993.

---

Bernard Jay Williams, Silver Springs, MD, appointed by this court, for appellant.

Thomas C. Black, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and SCHWELB, Associate Judges.

ROGERS, Chief Judge:

Appellant Napoleon Bennett appeals from the denial of his motion for a correction of sentence pursuant to Super.Ct.Crim.R. 35(a) on the grounds that he was sentenced twice for felony murder, his burglary conviction merged with the felony murder conviction, and he was denied the right to allocute at his resentencing. We remand the case to the trial court for correction of the amended commitment order of October 23, 1991, to reflect the expressed intent of the trial judge, but otherwise affirm.

I.

Appellant was convicted by a jury of felony murder while armed, D.C.Code §§ 22-2401, -3202 (1989 Repl.), premeditated murder while armed, id. §§ 22-2401, -3202, first degree burglary while armed, id. §§ 22-1801(a), -3202, armed robbery, id. §§ 22-2901, -3202, and attempted armed robbery, id. §§ 22-2902, -3202. He was sentenced, on June 11, 1980, to the following terms of imprisonment:

| | |
|---|---|
| COUNT I: Felony murder while armed | 20 years to life |
| COUNT J: Premeditated murder while armed | 20 years to life |
| COUNT K: First Degree Burglary while armed | 10–30 years |
| COUNTS L, M, N: Armed Robbery | 10–30 years each |
| COUNT O: Attempted Armed Robbery | 10–30 years |

All of the terms were concurrent except for the burglary count, which was to run consecutively. Appellant's convictions were affirmed on direct appeal. *Bennett v. United States*, Nos. 80–728, –857 (D.C. July 12, 1982).[1]

On September 18, 1991, appellant filed a motion for correction of sentence under Super.Ct.Crim.R. 35(a) on the ground that his burglary conviction merged with his felony murder conviction. The trial judge

1. According to the government's evidence at trial, appellant and another man knocked at the door of a house and the decedent, owner of the home, answered the door. One man asked to use the bathroom. The other man, while holding a gun, ordered the decedent and his wife and their two friends (a man and a woman) to lie down on the floor and give him their money. Appellant and the other man searched one woman's purse and the pockets of the two men. They took $55 from the other woman, who told them where they could find more money. As the appellant and the other man began to leave, the decedent started to stand. The gunman told the man to lie down and shot him.

denied the motion because appellant's "conviction of felony murder (Count I) count was not predicated on the commission of burglary (Count K). Count I of the indictment charges [appellant] with killing [the decedent] ... 'in perpetrating and attempting to perpetrate the crime of robbery.' " The judge stated that "[a]t most, although it will not [a]ffect the total time to be served, [appellant] is entitled to an order vacating his felony murder conviction under the 'collateral effects' doctrine. *Harling* [*v. United States*, 460 A.2d 571], 573–574 [D.C.1983]." The judge thereafter denied appellant's motion to vacate the burglary sentence or to merge it with the felony murder count, and by order of October 23, 1991, vacated appellant's conviction and sentence for felony murder. In an amended judgment and commitment order, dated October 23, 1991, however, the judge resentenced appellant on the felony murder (Count I), and did not resentence him on the premeditated murder (Count J). The amended commitment order nonetheless expressly stated: "Amended Judgment and Commitment reflects order of 10/23/91 vacating felony murder conviction/sentence. (Count J)." The judge also signed an order releasing appellant from custody "as to Count J only. [Appellant] still serving sentence on remaining charges."

## II.

 In regard to appellant's double jeopardy claim, based on being sentenced twice for felony murder, it is apparent from the record that the trial judge did not sentence appellant twice for felony murder, but instead made a clerical error in transposing Count I and Count J in the amended commitment order of October 23, 1991. The order of October 23, 1991 expressly states that the judge intended to vacate the felony murder conviction (Count I), not the premeditated murder conviction (Count J). The notation on the amended commitment

order also indicates that the judge intended to vacate only the felony murder conviction.

Accordingly, we remand the case to the trial court to correct the clerical errors on the amended commitment order of October 23, 1991, so that the order reflects the expressed intent of the trial judge to vacate the felony murder count only. *See Newton v. United States*, 613 A.2d 332, 334 (D.C. 1992); *Rich v. United States*, 357 A.2d 421, 423 (D.C.1976); Super.Ct.Crim.R. 36.

 Appellant's contention that his burglary, premeditated murder and robbery convictions merge because they were "one continuous criminal act," is meritless.[2] The Fifth Amendment guarantee against double jeopardy precludes multiple punishments for one offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, in order to determine whether or not two offenses merge into one offense, and thereby trigger double jeopardy protection, the court must determine "whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671–72, 84 L.Ed.2d 740 (1985); *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715 (1980); *Robinson v. United States*, 501 A.2d 1273, 1275 (D.C.1985). Under this doctrine, appellant's three convictions— burglary, premeditated murder, and robbery—require separate and distinct elements of proof, which appellant concedes. To overcome this obstacle, appellant contends that under a factual analysis the crimes were committed in one continuous flow and, as a result, they merge. He relies on *Arnold v. United States*, 467 A.2d 136 (D.C.1983), where the court held that "in considering whether two statutory offenses are the 'same' it is appropriate to

---

2. Appellant's contention that his burglary conviction merged with his felony murder conviction is also meritless. When the amended commitment order of October 23, 1991, is corrected to reflect the trial judge's expressed intent, there will be no felony murder count left. Even if the

trial judge had not ordered vacation of the felony murder count, however, the judge pointed out that the burglary conviction would not merge with the felony murder count because burglary was not the underlying felony in the felony murder count charged in the indictment.

consider the facts of the case rather than limit our analysis to 'abstract consideration of the statutes involved.'" *Id.* at 139 (citations omitted); *see also Whalen, supra,* 445 U.S. at 691, 100 S.Ct. at 1437 ("multiple punishments cannot be imposed for two offenses arising out of the same criminal transaction unless each offense 'requires proof of a[n additional] fact which the other does not.'") (quoting *Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182); *Kirk v. United States,* 510 A.2d 499, 502 (D.C. 1986).

In *Byrd v. United States,* 598 A.2d 386, 390 (D.C.1991), the en banc court stated, with regard to *Arnold, supra,* 467 A.2d 136, and its progeny, that:

these cases erred in concluding that since the facts as actually presented by the government to prove one charge were necessarily used by the government to prove the second charge, the two charges constituted the "same offense." Rather, the focus should have been on the statutory elements of the two distinct charges; *viz.,* whether each statutory provision required proof of an element that the other did not.

Hence, the factual analysis in *Arnold,* is no longer good law. *See Monroe v. United States,* 600 A.2d 98, 99 (D.C.1991).

█ Alternatively, appellant contends that there is a "continuous crime" exception to the *Blockburger* rule but he cites no authority for it. We decline to adopt such an exception. As the government points out in its brief, the *Blockburger* test is designed "to allow multiple convictions for separate offenses arising out of a single course of conduct unless the legislature intended the offenses to merge." *See Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182; *Byrd, supra,* 598 A.2d at 389. The appropriate inquiry is legislative intent. Clearly, the three offenses at issue— burglary, premeditated murder, and robbery—all require different elements of proof, and, therefore, they do not merge.

Appellant's reliance on a series of cases holding that unauthorized use of a motor vehicle merges with grand larceny is misplaced because "[u]nauthorized use re-quire[s] no proof beyond that required for conviction of grand larceny." *Arnold, supra,* 467 A.2d at 139. Appellant has conceded that the three crimes require different elements of proof. Appellant's analogy to the special rule where a crime cannot be committed without necessarily committing another crime is inappropriate in the instant case. In *Robinson v. United States,* 388 A.2d 1210, 1211 (D.C.1978), the court held that the type of detention necessarily required for rape did not give rise to a separate charge of kidnapping, and developed a separate test to determine whether the detention went beyond that required for rape, namely, whether "[the] seizure ... in a given case was of the type incidental to every rape or whether the confinement and restraint were significant enough of themselves to warrant an independent prosecution for kidnapping." *See also Whalen,* 445 U.S. at 695, 100 S.Ct. at 1439–40. Unlike the cited cases, where holding someone against his or her will (kidnapping) is required in order to perpetrate a rape, commission of one of the three crimes at issue in the instant case is not required in order to perpetrate the other crimes. Therefore, this special area of the law offers no guidance in examining whether these three offenses merge.

Accordingly, we hold that the trial judge did not err in concluding that the three crimes—burglary, premeditated murder, and robbery—do not merge because they each require proof of different elements, there is no "continuing crime" exception to the *Blockburger* rule, and any one of these crimes can be committed without perpetrating the other two. *Cf. Abdulshakur v. District of Columbia,* 589 A.2d 1258, 1266 (D.C.1991).

### III

█ Finally, appellant's contention that he had a due process right to be present at his resentencing, is meritless. Appellant moved for the correction of his sentence and resentencing under Super.Ct.Crim.R. 35, which "is limited by its terms to the correction or reduction of sentence and no opportunity for allocution is

required in this situation." *Wells v. United States,* 469 A.2d 1248, 1250 (D.C.1983); Super.Ct.Crim.R. 43(c).[3] Appellant's contention rests on the fact that the motions judge vacated his felony murder sentence and then resentenced him on that count, as opposed to reducing his sentence. However, no such resentencing occurred, in accordance with the expressed intent of the trial judge. *See* Part II, *supra.* Because the trial judge vacated the felony murder count, the amended commitment order of October 23, 1991, was a correction of sentence and, therefore, appellant had no right to be present. *Wells, supra,* 469 A.2d at 1250 (citing *United States v. Connolly,* 618 F.2d 553, 556 (9th Cir.1980); *United States v. McClintic,* 606 F.2d 827, 828–29 (8th Cir.1979); *United States v. McCray,* 468 F.2d 446, 450 (10th Cir.1972); FED. R.CRIM.P. 43(c)). The government suggests in its brief, moreover, that appellant can show no prejudice by not being present when the trial judge issued the amended commitment order since his sentence remained unchanged whether the trial judge vacated the felony murder or the premeditated count; his consecutive sentence for burglary was not affected in any way by the amended commitment order.

Accordingly, we affirm the order denying appellant's motion under Rule 35 to vacate or merge his burglary conviction with other counts of the indictment, but we remand the case to the trial court to correct the amended commitment order of October 23, 1991, to reflect the trial judge's expressed intent to vacate the felony murder conviction and sentence (Count I) and to leave the conviction and sentence for premeditated murder (Count J) as originally imposed.

**3.** Super.Ct.Crim.R. 43(c) provides that "A defendant need not be present in the following situations: ... (4) At a reduction of sentence under Rule 35."