**Salome SILVER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Keith Anderson, Appellant,**

v.

**United States, Appellee.**

**Nos. 95–CM–490, 95–CM–585.**

District of Columbia Court of Appeals.

Submitted Feb. 25, 1999.

Decided March 18, 1999.

Betty J. Clark, Washington, DC, filed a brief for appellant Salome Silver.

Larry Banks Blackwood, filed a brief for appellant Keith Anderson.

Wilma A. Lewis, United States Attorney, John R. Fisher, Elizabeth Trosman, and Clark W. Metz, Assistant United States Attorneys, filed a brief for appellee.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

Following a bench trial, Salome Silver and Keith Anderson were each convicted of cruelty to animals, in violation of D.C.Code § 22–801 (1996), and of engaging in animal fighting, in violation of D.C.Code § 22–810. On appeal, Silver contends that the evidence was insufficient to support his conviction of animal cruelty, while Anderson claims evidentiary insufficiency with respect to his conviction of animal fighting. Each appellant also contends that his convictions merge. We affirm.

I.

The events which are dispositive of these appeals occurred in an alley near 1800 5th Street in northwest Washington, D.C., on December 30, 1994.[1] On that date, police officers monitored a report of dogs fighting in the area indicated. Officer Isaiah Cunningham, an experienced law enforcement dog handler, testified that when he arrived on the scene, Silver's pit bull terrier, Bijou, and Anderson's pit bull terrier, Satan, were fighting in a stockade enclosure in the alley. Each of the defendants had his dog on a leash, and each man was encouraging the animal to fight by yelling, making noise, and telling his dog to "go get him," or words to that effect. There was a crowd of approximately twenty onlookers, some of whom began to run away following the arrival of the officers. Both dogs were injured during the fight, although some of the injuries may have

---

1. Some of the evidence at the trial touched on events both before and immediately after the dog fight which we briefly describe in the text below. Because the convictions must be affirmed on the basis of the events directly related to that encounter, we confine our discussion accordingly.

occurred after the police initially separated them .[2]

Silver told an officer of the Humane Society, *inter alia*, that he had brought Bijou to the scene to train him "to attack on command." Silver stated that he did not know why the onlookers were in the alley, but asserted that he "had a feeling. I didn't know anything for sure. I just had a feeling." Silver also presented evidence designed to show that Bijou had been well treated prior to the events of December 30, 1994, and that Bijou was not an abused dog.

Anderson testified that the dogs did not fight on December 30, 1994, and that there was no arrangement to have them fight. Anderson admitted, however, that he had an erroneous name on the driver's license that he produced for the police.

The trial judge found each defendant guilty of both charged offenses. The judge described Officer Cunningham's testimony as "the most comprehensive and consistent and convincing."[3] In the judge's view,

> the Government has established that Mr. Silver set out, purposely walked many blocks with his dog with a second—with a little entourage, to encounter defendant Anderson's dog, [to] just see who was going to be top dog, hoping he would find his dog at home—or expecting to find him at home and they just decided to have [at] it.
>
> It might be their first—it might be their initiation to it, but it's got to begin some time, and let's have at it here.[4]

## II.

■ In assessing appellants' claims of evidentiary insufficiency, we must view the record in the light most favorable to the prosecution, with due regard for the judge's right to weigh the evidence, to determine the credibility of witnesses, and to draw reasonable inferences. *See, e.g., Mills v. United States,* 599 A.2d 775, 780 (D.C.1991); *In re T.M.,* 577 A.2d 1149, 1151 (D.C.1990). We may set aside a conviction only if the evidence was insufficient to permit an impartial trier of fact to find guilt beyond a reasonable doubt. *See, e.g., Ruffin v. United States,* 642 A.2d 1288, 1291 (D.C.1994).

■ The proof in this case was sufficient to satisfy this now-familiar standard. Notwithstanding Silver's claim to the contrary, there was ample evidence that, on the day of the fight, Silver inflicted "unnecessary cruelty" upon the dogs within the meaning of D.C.Code § 22–801. *See Regalado v. United States,* 572 A.2d 416, 420 (D.C.1990). Similarly, the testimony, if credited, demonstrated that Anderson "promote[d and] carrie[d] on ... [a] fight between ... dogs ... premeditated by [the owner]," in violation of D.C.Code § 22–810. Premeditation may be proved circumstantially, and we agree with the judge, substantially for the reasons stated by him, that the evidence of that element was sufficient. *See Mills, supra,* 599 A.2d at 781.

## III.

Each appellant claims that his conviction of cruelty to animals merges with his conviction for animal fighting. According to appellants, animal cruelty is a lesser included offense of animal fighting. Anderson notes, in particular, that animal fighting requires proof of premeditation, while we have held that cruelty to animals is a general intent offense. *See Regalado, supra,* 572 A.2d at 420. Anderson also points out that both offenses are punish-

---

2. Upon the arrival of the police, Anderson had thrown Satan over the fence and attempted to escape. The officers subdued Anderson and recovered $215 from his person. Thereafter, Satan returned to the enclosure and resumed his bout with Bijou.

  With respect to the money recovered from Anderson, Anderson's girlfriend testified that she had given Anderson $200 so that he could pay their telephone bill.

3. The judge also stated that "Officer Cunningham's testimony was like a rod of taffy or some-

thing. It was pulled and yanked, but somehow its resilience resumed—always came back to it and resumed its shape."

4. The judge made the quoted remarks prior to his finding that appellants were guilty. He stated at that time that he was viewing the facts in a light favorable to the government. The judge's finding of guilt indicates that he ultimately drew permissible inferences favorable to the prosecution.

able by imprisonment for up to 180 days, but that the maximum fine for animal fighting is greater than the fine for cruelty to animals. *Compare* D.C.Code § 22–810 ($1,000 fine) with § 22–801 ($250 fine); *see generally Lee v. United States*, 668 A.2d 822, 825–28 (D.C. 1995).

> The Supreme Court has held that

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *accord Byrd v. United States*, 598 A.2d 386, 389 (D.C.1991) (*en banc*); *see also* D.C.Code § 23–112 (1996). Several of the cases on which Silver relies, such as *Kingsbury v. United States*, 537 A.2d 208, 210 (D.C.1988), were overruled by this court in *Byrd, supra*, 598 A.2d at 390 & n. 8.

The statute proscribing animal cruelty provides:

> Whoever overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates, or cruelly kills, or causes or procures to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated, or cruelly killed any animal, and whoever, having the charge or custody of any animal, either as owner or otherwise, inflicts unnecessary cruelty upon the same, or unnecessarily fails to provide the same with proper food, drink, shelter, or protection from the weather, shall ... be punished [as prescribed in this section].

D.C.Code § 22–801. The animal fighting statute states:

> Any person who sets on foot, instigates, promotes, carries on, or does any act, as assistant, umpire, or principal, or attends or in any way engages in the furtherance of any fight between cocks, fowls, or other birds, or dogs, bulls, bears, or other animals, premeditated by any persons owning or having custody of such birds or animals,

is guilty of a misdemeanor, punishable ... [as prescribed in this section].

D.C.Code § 22–810.

Engaging in animal fighting requires the instigation, promotion, carrying on or attendance at an animal fight and premeditation by the animal's owner or custodian. No such proof is required under the cruelty to animals statute. A defendant may therefore commit the offense of animal fighting by planning and promoting an animal fight, even if no harm has yet come to an animal. Conversely, the cruelty to animals statute requires the actual infliction of cruelty, and no such completed act is required to prove a violation of the prohibition against animal fighting.

We agree with appellants that, in many cases (and, indeed, in this one) conduct which constitutes animal fighting also runs afoul of the cruelty to animals statute. Nevertheless, each crime requires proof of an element which the other does not, and appellants' convictions for the underlying offenses therefore do not merge. *See Byrd, supra*, 598 A.2d at 389.

*Affirmed.*