Joseph A. ALSTON, Appellant,

v.

UNITED STATES, Appellee.

No. 86–235.

District of Columbia Court of Appeals.

Submitted Nov. 17, 1987.
Decided Jan. 13, 1989.

Thomas K. Clancy, Washington, D.C., appointed by this court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty. at the time the brief was filed, with whom Michael W. Farrell, Elizabeth Trosman, and Edith S. Marshall, Asst. U.S. Attys., were on the brief, for appellee.

Before BELSON and STEADMAN, Associate Judges, and REILLY, Senior Judge. •

REILLY, Senior Judge:

■ A jury found appellant guilty of receiving stolen property, D.C.Code §§ 22–3832(a), (c)(1) (1988 Supp.), and unautho-rized use of a motor vehicle, D.C.Code § 22–3851 (1988 Supp.). The only contested issue [1] on appeal is whether certain comments of the government in closing argument amounted to prosecutorial misconduct calling for reversal. As we perceive nothing improper in the challenged argument, we affirm.

One December afternoon, police officers responded to a call from a security officer in a Connecticut Avenue clothing outlet who reported suspicious conduct on the part of three young men in a car which repeatedly stopped at different shops in the same block. The officers hailed the vehicle and asked the driver—appellant here—for his credentials. He showed them his driving permit, but was unable to produce a registration card. The other two men gave their names, but could not produce any identification. The officers observed some damage to the vehicle which indicated that it might have been stolen,[2] but a subsequent radio check did not confirm their suspicions. They permitted appellant and the other men to leave, but impounded the car. Later that day, the owner of the car returned from work to find it missing from the parking lot where he had left it. He reported the matter to the police, and later identified the impounded vehicle as his. Police obtained a warrant and arrested appellant.

At trial, appellant took the stand in his own defense and testified that on the morning of the incident, he was invited by a man named "Larry," who was at the wheel of an automobile, to drive downtown with him. He then joined Larry, "Shorty" and a third, unidentified person in the car. Larry stopped next to a fire hydrant on Connecticut Avenue and went into one of the buildings to pick up some money from his girl-

---

**1.** The government concedes the correctness of appellant's contention that one of his two convictions must now be vacated because the conviction for unauthorized use of a vehicle merges with the offense of receiving stolen property. Accordingly, as anticipated by the trial court at sentencing, we remand the case to the trial court to vacate the conviction for unauthorized use of a vehicle and the sentence imposed for it. *Worthy v. United States,* 509 A.2d 1157, 1158 (D.C.1986) (citing *Arnold v. United States,* 467 A.2d 136, 137 (D.C.1983)).

**2.** The ignition mechanism had been pulled out of its socket, and the key therein was not a car key; another fixture was on the floor of the back seat; one window was broken, with glass fragments visible on the seat and floor.

friend.[3] In the meantime, a police vehicle came around the corner, and appellant, wishing to prevent Larry from receiving a parking ticket, got into the driver's seat and moved the car.

Appellant denied taking or breaking into the car. Appellant disclaimed knowing where Larry or Shorty lived or worked, or what their last names were. He testified that he knew the other men only from their frequenting a local playground where they played basketball and cards, and drank together. He estimated that he saw Larry at the playground twice a week from June to December 1984.

At the close of evidence, the prosecutor, noting that the defense had not called Larry to corroborate appellant's testimony, asked the court to give a missing witness instruction. The trial court denied this request.[4]

In view of this ruling, appellant now contends that it was prejudicial error for the court to allow the prosecutor to comment in closing argument upon the absence of "Larry," who, according to appellant's testimony, was already in possession of the automobile when appellant first saw it. Appellant cites numerous cases dealing with the missing witness instruction, *e.g.*, *Coombs v. United States*, 399 A.2d 1313, 1316 (D.C.1979), as well as arguments concerning missing witnesses, *e.g.*, *Arnold v. United States*, 511 A.2d 399, 415–16 (D.C. 1986); *Parks v. United States*, 451 A.2d 591, 614 (D.C.1982); *Thomas v. United States*, 447 A.2d 52, 58 (D.C.1982). In our opinion, the "missing witness" line of cases, regardless of whether they deal with

jury instructions or arguments by counsel, is inapplicable to the instant case.

Under the "missing witness" doctrine, "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, his failure to do so creates [an inference] that the testimony, if produced, would be unfavorable." *Arnold, supra*, 511 A.2d at 415 (citing *Graves v. United States*, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893)). Here, the prosecutor did not argue that the witness, had he been produced, would have testified unfavorably, nor did he argue that the witness was conspicuously absent, leaving the jury to draw their own conclusions. Rather, the prosecutor argued that no such person as Larry ever existed—a theory which could reasonably be inferred from the evidence adduced at the trial [5]—thereby disparaging the credibility of appellant's testimony.

There is a marked difference between urging jurors to find guilt from "nonevidence," *see Thomas, supra*, 447 A.2d at 58, and asking them to infer from the evidence that a person whose conduct as described would have exonerated the accused from commission of the charged crime was merely a product of defendant's imagination. The prosecutor here was careful to secure the trial court's assent to his arguing Larry's nonexistence before advancing this contention to the jury. We cannot say that the trial court abused its discretion in allowing him so to argue, especially when there was evidence from which a jury could conclude beyond a reasonable doubt that appellant, and not a mythic "Larry," committed the crime charged. *See generally, Johnson v. United States*, 398 A.2d 354

---

3. One officer testified in rebuttal that there is no hydrant on that block of Connecticut Avenue, and that he never saw more than three people in the car. In addition, two officers testified that during their stop, none of the car's occupants mentioned a fire hydrant or waiting for anyone to return to the vehicle.

4. Where a witness' testimony would be privileged under the Fifth Amendment, the witness is deemed "unavailable," and thus may not be the subject of a "missing witness" instruction. *See Lawson v. United States*, 514 A.2d 787, 791–92

(D.C.1986); *Bowles v. United States*, 142 U.S. App.D.C. 26, 31–32, 439 F.2d 536, 541–42 (1970). The trial court thus properly refrained from giving the instruction.

5. For example, appellant knew nothing about Larry other than his first name; the officers on the scene never observed more than three persons in the automobile. None of them was named Larry; and none of the car's occupants mentioned anyone to the police who bore that name or nickname.

 

(D.C.1979).[6]

 We also find no merit in appellant's claim that in closing arguments the prosecutor wrongly characterized the asserted relationship between appellant and an individual named "Larry" as substantial. If one accepts appellant's own testimony on the acquaintanceship of the two men, such description was not inaccurate.

Accordingly, we affirm the conviction for receiving stolen property, but remand the case to the trial court for the entry of a judgment vacating the conviction for unauthorized use of a vehicle and the sentence imposed for that offense.

*So ordered.*

6. In his reliance upon *Arnold, supra,* 511 A.2d at 415–16, an opinion disapproving of an argument commenting on the failure of the defense to call certain known persons to corroborate an alibi, appellant overlooked this distinction.