Evans RAY, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–1048.

District of Columbia Court of Appeals.

Argued Sept. 16, 1992.

Decided Sept. 17, 1992.*

Phyllis Joan Baron, Silver Spring, Md., appointed by the court, for appellant.

Albert A. Herring, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Kirby D. Behre, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant was convicted after a jury trial of possession with intent to distribute a controlled substance (cocaine) (D.C.Code § 33–541(a)(1) (1988)). He contends that the trial judge erred twice with respect to missing witness issues. Neither contention is persuasive, and we affirm.

I.

Three undercover police officers saw appellant, with a man later identified as Robert Smith, standing at the intersection of Trinidad Avenue and Morse Street, N.E. Two officers, Bell and Johnson, saw appellant hand Smith an unidentified object and then saw Smith hand money back to appellant. Appellant was holding a clear plastic bag in his left hand and accepted the money from Smith with his right hand. After this transaction, the officers turned the headlights of the car on the pair and were able to see that the bag appellant was holding contained a white substance. Appellant, noticing the officers, took off running down the block. Bell and Johnson pursued him on foot, with the third officer

* The disposition in this case was originally issued as a Memorandum Opinion and Judgment on September 17, 1992, and is being published upon the court's grant of appellee's motion to publish.

following in the car. After running about half a block, appellant tossed the plastic bag to the pavement. Officer Johnson retrieved the bag while Officer Bell confronted appellant, who had stopped running, farther down the block. Bell placed appellant under arrest and retrieved $654.00 in cash from him during the search incident to arrest. The bag was later found to contain cocaine.

Officer Johnson went back and briefly detained Smith, who had crossed the street. Johnson testified that he performed a stop and frisk of Smith, found no money or drugs on him, and did not detain him further. Johnson remembered having asked Smith his name and for identification, but did not remember specifically requesting his address or making a note of his address. Officer Bell testified that he never spoke to Smith but that Officer Johnson told him Smith's name and address. Smith was never arrested and neither side called him as a witness during the trial.

Appellant's defense was that the money found on him was part of money given to him by his mother, who also testified that she gave him money earlier that day to buy money orders for her. Denying ownership of the drugs, appellant claimed that when the officers drove up he was standing with three other people, whom he identified as "Andre," "John," and "Ronald Belt." Ronald Belt was present during part of the trial but did not testify. Appellant claimed that he did not know Andre's or John's last name or how to contact them, though he "knew" them from the area. He had attempted to find Andre to testify in his behalf, but Andre did not want to be "summoned into court."

During rebuttal closing argument, the prosecutor commented briefly on appellant's failure to produce Andre and John,[1] stating:

1. The prosecutor did not mention Ronald Belt, the third person appellant claimed was with him.

2. The judge summarized the testimony of the arresting officers on this point as follows:

Then you heard talk about Andre and John. The defendant told you he grew up with those two individuals, but he doesn't know their last names and he's not sure where they live. You have to ask yourselves whether those people exist. The officers told you there was nobody anywhere near Mr. Ray when the transaction occurred and think about what Mr. Ray told you on the stand.

## II.

■ Appellant contends that the trial judge abused his discretion in rejecting appellant's request for a missing witness instruction as to Robert Smith, or at least in failing to conduct a factual inquiry regarding Smith's availability as a potential government witness. We find no abuse of discretion.

Before a missing witness instruction may be given, the moving party must show "(1) that the witness' testimony is likely to elucidate the transaction at issue, and (2) that the absent witness is peculiarly available to the party against whom the adverse inference is sought to be drawn." *Singley v. United States*, 533 A.2d 245, 249 (D.C. 1987). Even when both prerequisites are met, the trial judge retains discretion whether to give the requested instruction. "This discretionary decision should be guided by reference to the underlying rationale for the doctrine, by considering whether from all circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *Harris v. United States*, 602 A.2d 154, 162 (D.C.1992) (en banc) (quoting *Thomas v. United States*, 447 A.2d 52, 58 (D.C.1982) (internal quotation marks omitted)).

Regarding the issue of availability, the trial judge essentially agreed with the prosecutor that the government "knows just as much about this individual [Smith] as defense counsel."[2] Moreover, the judge was

The testimony as I recall it is that this gentleman was stopped, this person was stopped, an inquiry was made of him as to what his name was and—he gave his name as Robert Smith. Now, beyond that, there was some question—there was some testimony about identification, but I don't think it rose to the level of

convinced that Smith—assuming he could be located—would have asserted his Fifth Amendment privilege if called to testify. Although appellant contends the judge should have inquired further as to Smith's availability before concluding that he was "[un]available ... to anybody," we need not pursue this question. As in *Singley*, "the denial of the instruction did not constitute an abuse of discretion" because "[t]he facts do not *compel* the finding that the failure to produce [Smith] should be considered evidence that he would have contradicted the government's versions of the events." *Singley*, 533 A.2d at 249 (emphasis added).

First, whether or not Smith was strictly unavailable to the government because of his potential Fifth Amendment exposure, it is at least probable that he would have been reluctant to place himself on the scene with appellant and risk cross-examination about his activities.[3] For that reason alone it is difficult to find "natural and reasonable" the inference that his testimony would have been adverse to the government. Second, Smith's testimony would not have elucidated the transaction in the precise sense required by our cases (before an abuse of discretion can be found) that it was "an 'important part' of the case of the party against whom the inference [was to be] drawn." *Thomas*, 447 A.2d at 57 (citations omitted); *see Harris*, 602 A.2d at 160–61. Two officers, Bell and Johnson, saw appellant exchange an object for money. Both also described appellant's flight and saw him drop the bag retrieved by Johnson and found to contain cocaine. From the government's standpoint, therefore, Smith's testimony (if he were available) would have been at best cumulative and clearly not "superior to other testimony already given on the matter." *Cooper v. United States*, 415 A.2d 528, 534 (D.C. 1980) (quoting *Brown v. United States*, 134

U.S.App.D.C. 269, 270–71 n. 2, 414 F.2d 1165, 1166–67 n. 2 (1969)). Indeed, there is no indication he could have testified at all about the key event of appellant dropping the cocaine.

## III.

■ Appellant's second contention is that the prosecutor engaged improperly in an incomplete missing witness argument by referring to appellant's testimony about Andre and John in his rebuttal argument. We reject this argument as well, especially in light of appellant's failure to object to the complained-of remarks. *Harris*, 602 A.2d at 159 (citing *Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc)). Appellant testified on direct that three other persons were with him at the time near the Trinidad Avenue and Morse Street intersection. With the court's permission, the prosecutor elicited from appellant the names (or partial names) of these persons and how long he had known them, and the assertion that the group had been merely "standing around talking." On redirect appellant explained his efforts to "find either Andre or John" and to secure their court attendance. We have said that "[w]hen the defendant in a criminal case alleges that there is another person 'whose conduct as described by the defendant would have exonerated the accused from commission of the charged crime,' it is permissible for the prosecutor to argue that the *existence* of this person 'was merely a product of the defendant's imagination,'" *McGrier v. United States*, 597 A.2d 36, 47 (D.C.1991) (emphasis in original) (citing *Alston v. United States*, 552 A.2d 526, 528 (D.C. 1989)), and that such argument does not implicate the requirements for a missing witness argument or instruction. *Id.* Here, the prosecutor's only reference to Andre and John was: "you [the jury] have to ask yourselves whether those people ex-

---

what it was or what it amounted to or what was on it or anything like that.

3. As the trial judge stated:
   [H]ow in the world could I let the Government call this gentleman and ask ... now, isn't it a fact, Mr. Smith, that you were there on the corner of such and such a street at

such and such a time and Mr. Ray handed you? ... [The questioning] would include all the matters relating to it, the entire transaction, what he might have done and what Mr. Ray might have done and why he was there and all that.

ist." This was permissible argument, and manifestly did not rise to the level of plain error.

*Affirmed.*